**WESTINGHOUSE ELECTRIC CORPO-
RATION, Petitioner,**

v.

**Honorable Stanley A. WEIGEL, United States District Judge for the Northern District of California, Respondent.**

**No. 25456.**

United States Court of Appeals,
Ninth Circuit.

May 26, 1970.

Moses Lasky (argued), Richard Haas, of Brobeck, Phleger & Harrison, Harold C. Nachtrieb, of Miller, Groezinger Pettit, Evers & Martin, San Francisco for petitioner.

James L. Browning, Jr., Asst. U. S. Atty., San Francisco, Cal., for respondent.

Ira A. Brown, Jr. (argued), Edward J. Ruff, Peter Anderson, Philip J. Luks, of Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., F. Trowbridge von Baur, Alan V. Washburn, W. Bruce Shirk, of von Baur, Coburn, Simmons & Turtle, Washington, D. C., for Real Party in Interest.

Before BROWNING, CARTER, and WRIGHT, Circuit Judges.

PER CURIAM:

Petitioner seeks a writ of mandamus or prohibition nullifying respondent's order transferring a civil action to the District Court for the District of Maine under 28 U.S.C. § 1404 (a). Petitioner has made a forceful presentation in this court in support of two contentions not advanced in the district court.

The first is that because the action was filed in a Superior Court of the State of California, and removed to the court below on the ground of diversity, the criteria to be applied in considering the motion for transfer should be those which would have been applied by the state court in considering a motion to dismiss under the doctrine of *forum non conveniens*.

The rule generally applied on appeal is that an assertion of error below will not be entertained where the issue was not raised in the lower court and the error, assuming it occurred, might have been avoided if the issue had been raised. The importance of the rule to the practical administration of the judicial system is obvious, and we adhere to it here.

For essentially the same reason we decline to issue the writ on the ground that the trial judge failed to state the precise grounds for his ruling in a written or oral decision. We agree with petitioner that such a statement is always desirable and in some instances may be essential. In this case, however, the grounds upon which the district court granted the motion may be inferred with reasonable certainty from the record as a whole. This being so, we are unwilling to fault the district judge for failing to clearly elucidate the basis for his decision for he expressly raised the question of how detailed his order ought to be in light of the anticipated appellate review, and counsel for petitioner said nothing.

On the merits, we conclude from a review of the record that the district judge "considered the issues listed in 1404(a) and * * * made his decision accordingly," and that the conclusion he reached was within the broad discretion vested in him. Kasey v. Molybdenum Corp. of America, 408 F.2d 16, 20 (9th Cir. 1969).

Petition denied.