### In re Lawrence C. POPE, Petitioner.

### No. 76–8096.

United States Court of Appeals, District of Columbia Circuit.

May 2, 1978.

As Amended May 16, 1978.

---

Lawrence C. Pope, pro se, was on the motion for petitioner.

Before BAZELON and LEVENTHAL, Circuit Judges.

PER CURIAM:

Lawrence Pope, petitioner here, initiated a civil action against the United States Board of Parole. The District Court ordered the case transferred to the Southern District of Texas. We remand for a statement of reasons.

I

Petitioner is serving concurrent state and federal sentences in a state prison in the Southern District of Texas.[1] The United States Board of Parole granted him a parole from his federal sentence on the condition that he report to a probation officer in the Western District of Texas, remain in the Western District, work regularly, and not associate with known criminals. Obvi-

ously unable to comply, petitioner requested that the Board formally waive these conditions for the period of his incarceration. The Board assured petitioner that the provisions would not be enforced while he remained in state prison, but declined to modify the parole agreement. Because petitioner refused to sign the agreement without removal of the objectionable features, the Board rescinded his parole.

Petitioner seeks declaratory and injunctive relief prohibiting the Board from imposing the above parole conditions on himself and others who must remain in state prison. After granting leave to proceed *in forma pauperis*, the District Court issued an order to show cause why the case should not be transferred to the Southern District of Texas. Petitioner responded that the proposed transferee court is not a place "where [the action] might have been brought" within the meaning of 28 U.S.C. § 1404(a) and that under *Starnes v. McGuire*, 512 F.2d 918 (1974) (en banc), the District of Columbia is the most appropriate forum for resolving his complaint.

Stating only that no adequate response had been filed, and without soliciting the views of the Board of Parole, the District Court ordered the case transferred. Petitioner then filed for permission to petition for mandamus *in forma pauperis* to vacate the transfer order.

II

■ The threshold question is whether the District Court lacked power to transfer the case to the Southern District Court in Texas. The transfer provision, 28 U.S.C. § 1404(a), provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*." The limitation of the concluding phrase requires that venue lie in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Petition-

---

1. The pertinent facts are drawn from petitioner's complaint. For purposes of this petition, we assume its allegations are true.

er argues that venue is not proper in the Southern District of Texas and the District Court was therefore without authority to transfer the case there.

▆ Under the applicable venue provision, 28 U.S.C. § 1391(e), venue is proper in any district in which "(1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides, if no real property is involved in the action." Since the Board of Parole resides in the District of Columbia and no real property is involved, only subsections (2) and (4) potentially place venue in the Southern District of Texas.

Petitioner alleges that prior to his incarceration he resided in the Western District of Texas. He contends that although he is incarcerated in the Southern District of Texas, he continues to reside in the Western District for purposes of Section 1391(e)(4).

There is considerable support for the notion that one does not change his residence to the prison by virtue of being incarcerated there. *Ellinburg v. Connett,* 457 F.2d 240, 241 (5th Cir. 1972); *Cohen v. United States,* 297 F.2d 760, 774 (9th Cir. 1962); *Turner v. Kelly,* 411 F.Supp. 1331, 1332 (D.Kan.1976); *Ott v. United States Board of Parole,* 324 F.Supp. 1034, 1037 (W.D.Mo. 1971). The law in this Circuit, however, is otherwise. In keeping with its policy of convenience, we have held that for purposes of the general venue statute a prisoner has his residence at his place of confinement. *Starnes v. McGuire,* 512 F.2d at 925 n.7.[2] Since venue is proper in the Southern District of Texas under Section 1391(e)(4), petitioner's argument that the District Court lacked power to transfer is without merit.

## III

▆ There remains to be considered whether the District Court abused its discretion in transferring the case to the Southern District of Texas. Although the district of confinement will often be the most convenient forum for resolving prisoner complaints, transfer there should not be made routinely. As we stated in *Starnes v. McGuire,* 168 U.S.App.D.C. at 11, 512 F.2d at 925: "[transfer must be] justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute."

▆ Petitioner argues that the District Court ignored several important factors that militate against transfer. First, petitioner maintains that whatever this Court's view of a prisoner's residence, the transferee circuit has held that a prisoner resides in his last domicile prior to his incarceration. *See Ellinburg v. Connett, supra.* Petitioner contends that if the case is transferred, the transferee court will dismiss for lack of venue and that under these circumstances, transfer can hardly be "for the convenience of parties and witnesses, in the interest of justice."

Petitioner also argues that his place of confinement has no nexus with his claim for relief. He alleges that virtually all of his potential witnesses and relevant records are in the District of Columbia. More significantly, petitioner urges that he is raising an issue of pure law, the resolution of which will not require his testimony. Although he does not deny that certain factual predicates underlie his claim, petitioner argues that stipulations, requests for admission, or other discovery procedures will readily establish the undisputed facts.[3]

Petitioner further argues that since he is not attacking the validity of his conviction

---

**2.** *Wren v. Carlson,* 165 U.S.App.D.C. 70, 506 F.2d 131 (1974) is not contrary. In ordering that case transferred to the prisoner's place of confinement, a panel of this Court found venue in the transferee court under Section 1391(e)(2). *Id.* at 134 n.23. The further pronouncement that for purposes of Section 1391(e)(4) a prisoner resides in his last domicile prior to his incarceration was therefore dictum.

At any rate, to the extent that there is a conflict between *Starnes* and *Wren* over the proper interpretation of Section 1391(e)(4), our *en banc* decision in *Starnes* controls.

**3.** Petitioner accompanied his response to the District Court's show cause order with a request for admissions.

or the length of his confinement, transfer cannot be sustained on the theory that the action sounds in habeas corpus. *See Starnes v. McGuire*, 512 F.2d at 931–932. Finally, petitioner claims that heavy docket congestion in the Southern District Court in Texas further undermines any basis for transfer.

Although we do not necessarily accept all petitioner's arguments, the course followed by the District Court leaves the case in a posture unsuited for appellate review. We cannot determine whether the District Court has abused its discretion until we know the basis of its decision.

A statement of reasons is always highly desirable. Not only does it facilitate appellate review, but more importantly, it helps to insure that the District Court considers carefully the arguments for and against transfer. While a statement of reasons is not an invariable requirement, it is essential when the basis for transfer cannot be inferred from the record with reasonable certainty. *See Westinghouse v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

Reviewing the record here, petitioner's complaint does not plainly disclose that the District of Columbia will be an inconvenient forum. Petitioner's response to the District Court's show cause order is a careful attempt to fit his claim within the framework of *Starnes*. Moreover, there is no response from the Board of Parole to illuminate the likely reasons for transfer. In these circumstances, we are unable to uphold the District Court's order without first receiving a written explanation of its decision. We therefore remand to the District Court for further proceedings consistent with this opinion.[4]

*So ordered.*

---

4. Technically it is not exact to refer to a "remand" of the motion. It is a shorthand reference to identify that we defer ruling on the motion, retaining jurisdiction, meanwhile transferring the matter to the district court for an explanation of its order, and for such further proceedings as the district court may deem helpful.

