Robert S. COOPER, Jr.

v.

The DEPARTMENT OF the AIR FORCE OF the UNITED STATES.

Civ. A. No. 81–770–A.

United States District Court,
M. D. Louisiana,
Civil Division.

Dec. 10, 1981.

Terry B. Loup, Baton Rouge, La., for plaintiff.

James Stanley Lemelle, Asst. U.S. Atty., Baton Rouge, La., for defendant.

JOHN V. PARKER, Chief Judge.

This is an action by counsel for Mrs. Carolyn G. Hodge, the surviving spouse of an Air Force officer who was killed in the crash of a C–130 aircraft. The purpose of the action is to gain access to reports of

investigation of the accident. The action is brought by the lawyer, who resides in this district, in his own name, under the authority of the Freedom of Information Act. The Department of the Air Force has moved for a stay of proceedings pending disposition of a motion filed by it in litigation now pending in the United States District Court for the Eastern District of Arkansas. Although the issue presented by the parties is the requested stay of proceedings, the Court on its own motion has raised the question of whether this action should be transferred to the Eastern District of Arkansas. Counsel were so informed on November 20, 1981, and the parties have been given the opportunity to comment thereon. Plaintiff opposes any transfer; the Air Force is non-committal.

It is admitted that the matter entitled "Carolyn Gail Hodge, as the personal representative of Larry G. Hodge versus Lockheed Corporation and United Technologies Corporation" Number C–79–519 of the docket of the Eastern District of Arkansas is now pending and that plaintiff seeks to obtain a copy of the report of the investigation only because he is one of the attorneys of record for the plaintiff in that wrongful death action. Thus, it is obvious that, although the action is brought in the name of the attorney, the real party at interest is the client, Mrs. Hodge.

It is also admitted that both parties in the Arkansas litigation have obtained a part of the U.S. Air Force aircraft mishap report entitled, "The Final Progress Report," dated January 23, 1979. The Air Force, although not a party to the action, has filed a motion in limine in the Arkansas litigation seeking to have the Final Progress Report declared to be inadmissible as evidence in that action, since the report contains privileged information. It is plaintiff's claim that since a copy of the Final Progress Report has gotten into the hands of both parties, the Air Force has waived its privileged nature. (The Final Progress Report does not contain Part II, Tabs T–Z of the mishap report which plaintiff seeks pursuant to the FOIA action which is before this Court at present.) There is no dispute that there is a privilege; the issue is whether or not the privilege has been waived with respect to the Final Progress Report.

The complaint in the present action alleges that plaintiff has previously requested, on behalf of his client, a portion of the report of the investigation by the Air Force into this fatal accident but that the Air Force has refused to disclose Tabs T–Z of the mishap report on the grounds of privilege. The complaint further alleges exhaustion of administrative remedies and alleges that the Air Force has previously furnished a copy of the mishap report "and/or progress reports" to Lockheed Corporation, one of the defendants in the wrongful death action pending in Arkansas and further alleges that this constitutes a waiver of the privilege. Therefore, it is plaintiff's theory in the FOIA action that the Air Force has waived its privilege with respect to the Final Progress Report and that such waiver is sufficient to constitute a waiver of its privilege as to the entire mishap report, including Part II (Tabs T–Z) which he now seeks to obtain.

Thus, the issue as to waiver of the privilege with respect to the Final Progress Report is the controlling issue both in the motion in limine in Arkansas and in the motion to stay in Louisiana. There are procedural issues between the parties in the Arkansas litigation such as discovery and pretrial orders terminating discovery periods, and admissibility of evidence at the trial of the wrongful death case which are in no way related to this action. Obviously, whatever limits may be placed upon production of documents under the discovery provisions of the Federal Rules of Civil Procedure have no application to a request for documents from a public agency under the authority of the Freedom of Information Act. To that extent there may be some difference in these two court proceedings; the substantive issue of privilege, however, is at the core of both actions.

In resisting any suggestion of transfer to the Eastern District if Arkansas, plaintiff correctly points out that 28 U.S.C. § 1404(a)

authorizes transfer of an action only to another district, "where it might have been brought." Counsel further points out, correctly, that under 5 U.S.C. § 552(a)(4)(B), a Freedom of Information Act complaint must be brought in the district in which the complainant resides or has his principal place of business, or in which the agency records are situated, or in the District of Columbia. Counsel informed the Court at oral argument that his client is not a resident of the Eastern District of Arkansas, does not have her principal place of business there and that the agency records are not situated there. Counsel thus argues that, considering the residence of the attorney, Mr. Cooper, venue is properly in this district and that the action could not have been brought in the Eastern District of Arkansas.

Accordingly, counsel argues that the Court lacks jurisdiction to transfer this action to the Eastern District of Arkansas, citing the Supreme Court's opinion in *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). In that case the action was originated by plaintiffs in the Northern District of Texas and, after answering, the defendants moved under 28 U.S.C. § 1404(a) to transfer the action to the Northern District of Illinois for the convenience of the parties and witnesses. It was undisputed that the Northern District of Texas was one in which the action was properly brought and that the action could not have been brought in the Northern District of Illinois. Defendants were prepared to waive venue. The Supreme Court held that it was improper to transfer the action because it could not have originally been brought in the transferee district. The rationale of the Court's decision was that the defendants, by moving to transfer and waiving objections to venue could then control the place where the action was tried, without the consent of plaintiff who originally chose the venue.

Plaintiff, as noted above, under the authority of *Hoffman v. Blaski*, argues that the Court may not transfer this action.

The significant difference between this action and *Hoffman v. Blaski* is that the suggestion for transferring comes, not from either party to this litigation, but from the Court and the Court's predicate is not necessarily for the convenience of the parties, but in the interest of justice. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3854.

Under 28 U.S.C. § 1404 the Court may, sua sponte, transfer an action "in the interest of justice." *Riordan v. W. J. Bremer, Inc.*, 466 F.Supp. 411 (S.D.Ga.1979) and authorities cited therein.

In oral argument, plaintiff admits that he has no personal interest in obtaining the Air Force report and that his sole interest is to obtain the report for the benefit of his client in the action now pending in the Eastern District of Arkansas. Counsel for plaintiff also admitted in oral argument that he is associated with local counsel in the Arkansas litigation, that local counsel resides in the Eastern District of Arkansas and that the action could have been initiated in the name of the Arkansas attorney in that district. Neither the Arkansas attorney nor the Louisiana attorney is the real party at interest since both seek the investigative report for the sole purpose of advancing the interest of their client, Mrs. Hodge. Without commenting upon the propriety of an attorney filing suit in his own name in the zealous pursuit of his client's interests, see *Cooper v. Department of the Navy*, 594 F.2d 484 (5th Cir. 1979), it is apparent to the Court that this action is a fiction since its only purpose is to enhance the position of Mrs. Hodge, in the case in Arkansas. Clearly she is the real party in interest here.

While Congressional intent in enacting the Freedom of Information Act was to encourage access to official information which is unnecessarily shielded from public view, the purposes of the legislation would not be advanced by having two federal district courts render conflicting opinions upon the same issue of privilege or waiver of privilege. As I have pointed out, the precise issue before this Court—whether the Air Force has waived the privilege otherwise applying to this report—it is pending

before the district court in Arkansas. The same evidence relating to waiver of privilege will be presented to that court and to this court. The possibility of conflicting judicial decisions relating to the same report and the same parties is obvious. The administration of justice is not advanced by the creation of a situation where such conflicting decisions could be rendered. *Hoffman v. Blaski* does not contemplate the creation of a situation such as this and in *Continental Grain Company v. The FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), the Court noted that in making transfers between districts, it would not hesitate to cut down fictions.

While it may well be appropriate to stay these proceedings, *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), the interest of justice and sound judicial administration demand that the same court resolve an issue pending between the same parties in two different federal courts. The action in the Eastern District of Arkansas is well advanced, speaking both of the main demand (the wrongful death action) and the motion relating to the Air Force report, which is a "fall out" from the main demand. There obviously will be no inconvenience to any party since all are presently involved in the Arkansas litigation and the only connection of this district is that the Louisiana counsel for Mrs. Hodge resides here.

If the Louisiana attorney for Mrs. Hodge has standing to bring this action and is a proper party plaintiff, then obviously, her Arkansas attorney enjoys the same status. Joining the Arkansas attorney will constitute the Eastern District of Arkansas a district where the action might have been brought under 28 U.S.C. 1404(a). The interest of justice requires that this action be transferred. Accordingly, the Court will order that the Arkansas attorney be joined as a party plaintiff to this litigation and it will be transferred to the United States District Court for the Eastern District of Arkansas.