In re Alan Neal SCOTT, Petitioner.

No. 82–2025.

United States Court of Appeals,
District of Columbia Circuit.

Submitted Sept. 2, 1982.

Decided June 7, 1983.

Alan N. Scott, pro se, was on the petition for writ of mandamus.

Stanley S. Harris, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence, and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the response.

Before ROBINSON, Chief Judge, WILKEY and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Alan Neal Scott, a federal prisoner, filed *pro se* in the district court a Freedom of Information Act (FOIA) suit against the United States Bureau of Prisons. The district court, *sua sponte* and without awaiting a responsive pleading or even service of process on the Government, ordered the case transferred to the United States District Court for the Northern District of Georgia. Scott, by petition for a writ of mandamus, seeks our review of the transfer order. We hold that, under the circum-

stances this case presents, the district court abused its discretion by acting instantly and *sua sponte,* and by relying on an improper factor in ordering the transfer. We therefore grant Scott's petition, vacate the transfer order, and remand the case to the district court.

## I. BACKGROUND

Scott, while incarcerated in a federal correctional institution in Tennessee, filed with the Regional Director of the Bureau of Prisons in Atlanta, Georgia, a FOIA request seeking information about himself. The Bureau granted Scott's request in part, but denied him access to a presentence report and to psychiatric records. Scott filed timely but unsuccessful appeals with the Director of the Bureau of Prisons and with Attorney General Smith, both in Washington, D.C. Having exhausted his administrative remedies, he commenced this action, *Scott v. McCune,* C.A. No. 82–1879 (D.D.C. filed July 6, 1982), seeking disclosure of the withheld documents and other relief, and naming as defendants the Attorney General and Director and Regional Director of the Bureau.

Two days after the filing of Scott's complaint, the district judge, acting *sua sponte,* directed Scott to show cause why the case should not be transferred to the Western District of Tennessee. Scott filed a detailed response. He amended his complaint, pursuant to Fed.R.Civ.P. 15, to show that venue was proper in the District of Columbia under 5 U.S.C. § 552(a)(4)(B), and to clarify that he challenged the Department of Justice's administrative review procedures as well as the Regional Director's partial denial of his FOIA request.[1] Scott also argued that venue was improper in Tennessee and that transfer to any other district was unwarranted.[2]

The district court vacated its initial show cause order and issued a second order, this time directing Scott to show cause why the case should not be transferred to the Northern District of Georgia, the location of the Regional Director's office. In response, Scott amended his complaint to dismiss the Regional Director as a party and adopted by reference his answer to the earlier show cause order. The district court thereupon entered an order directing transfer of Scott's action to the Georgia court; the sole reason stated for the transfer was that Scott had failed to file an "adequate response" to the show cause order.[3] Scott then filed with this court a petition for a writ of mandamus to vacate the transfer order.

Because we were unable to discern the basis for transfer with reasonable certainty, we deferred action on Scott's petition, retained jurisdiction, and remanded the record to the district court for a statement of reasons. *See In re Pope,* 580 F.2d 620, 623 (D.C.Cir.1978).[4] On remand, the district

---

1. Scott asserted that the "Department of Justice Privacy and Information Appeal Unit's [administrative appeal procedures] do not comport with the legislative mandate" because the Unit does not conduct a "meaningful review" of lower level agency determinations. Appellant's Response to Show Cause Order.

2. Citing our decision in *Starnes v. McGuire,* 512 F.2d 918 (D.C.Cir.1974), Scott argued that several factors weigh against transfer. He noted, *inter alia,* that two defendants and the administrative appeal file are located in the District of Columbia and that evidentiary examination, if necessary, would entail, principally, *in camera* inspection of the disputed documents.

3. The district court's transfer order reads:

It appearing to the Court that on the 27th day of July, 1982, an order was issued herein directing the plaintiff to show cause why the complaint should not be transferred, and the Court having considered the pleadings, plaintiff's response to the order to show cause, and it now appearing that no adequate response has been filed, it is by the Court this 23rd day of August, 1982,

Ordered that the Clerk of this Court is directed to transfer the above entitled cause to the United States District Court for the Northern District of Georgia.

*Scott v. McCune,* C.A. No. 82–1879 (D.D.C. August 23, 1982).

4. This court stated in *Pope:*

A statement of reasons is always highly desirable. Not only does it facilitate appellate review, but more importantly, it helps to insure that the District Court considers carefully the arguments for and against transfer.

judge reported that he had ordered Scott's case transferred because the "very large number of forma pauperis cases . . . filed [in this Circuit] by prisoners from all over the country . . . are a considerable burden on the Judges of the District Court . . . ."[5] We conclude that the explanation supplied does not justify rejecting Scott's forum choice.

## II. ANALYSIS

 The remedy of mandamus, although "a drastic one, to be invoked only in extraordinary circumstances," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980), is available on rare occasions to review transfer orders. Because the broad discretion conferred by 28 U.S.C. § 1404(a) is not untrammeled, *Fine v. McGuire,* 433 F.2d 499, 501 (D.C.Cir.1970), we have entertained petitions for mandamus upon allegations that the district judge lacked power to order a transfer, *Relf v. Gasch,* 511 F.2d 804, 808 (D.C.Cir.1975) (transfer to court of improper venue), failed to follow procedures appropriate to the case in considering a transfer motion, *Fine v. McGuire,* 433 F.2d at 501–02 (failure to provide a hearing), or considered an improper factor in evaluating the merits of the motion, *Jones v. Gasch,* 404 F.2d 1231, 1242 (D.C.Cir.1967), *cert. denied,* 390 U.S. 1029, 88 S.Ct. 1414, 20 L.Ed.2d 286 (1968); *see Platt v. Minnesota Mining & Mfg. Co.,* 376 U.S. 240, 244–45, 84 S.Ct. 769, 771–72, 11 L.Ed.2d 674 (1964).[6] Scott's allegations—that transfer was to a court of improper venue and that the district court considered an improper factor— are of the kind that qualify under our case law for mandamus review.[7]

We consider first the threshold question whether the district court lacked power to transfer the action to the Northern District of Georgia. The transfer provision, 28 U.S.C. § 1404(a), states: "For the convenience of parties and witnesses, in the inter-

While a statement of reasons is not an invariable requirement, it is essential when the basis for transfer cannot be inferred from the record with reasonable certainty. 580 F.2d at 623. *Cf. Crisafi v. Holland,* 655 F.2d 1305 (D.C.Cir.1981). In this case, the district judge's failure to indicate the basis for transfer, *see supra* note 3, precluded intelligent review of his decision. The order did not indicate why the court deemed Scott's response inadequate. Nor did it suggest to this court or to Scott the rationale ultimately identified by the district judge as dispositive.

5. The district court's report stated:

Jurisdiction in FOIA cases lies at the domicile of the plaintiff, at the location of the papers sought, or in the United States District Court for the District of Columbia.

In most forma pauperis cases the domicile of the plaintiff is unknown. In the majority of the cases filed the papers are located in the District of Columbia and, since domicile is unknown, must remain here. A very large number of forma pauperis cases are filed by prisoners from all over the country and are a considerable burden on the Judges of the District Court and possibly of the Circuit Court here.

In view of the number of FOIA cases which must be considered here, it would seem reasonable to transfer cases where the plaintiff is not a District of Columbia resident and where the papers are not located here. It was for this reason that this case was transferred to the Northern District of Georgia. *Scott v. McCune,* C.A. No. 82–1879 (D.D.C. Jan. 17, 1983).

6. Both *Platt* and *Jones* dealt with transfers pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, a criminal analogue to § 1404(a). The stated criteria for transferring a case under either provision are the same. *See Jones v. Gasch,* 404 F.2d at 1236–37. *Compare* Fed.R.Crim.P. 21(b) ("For the convenience of parties and witnesses, and in the interest of justice . . . .") *with* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice . . . .").

7. Although several courts have suggested that this extraordinary remedy may be available to stop a transfer where a district court plainly abuses its discretion even when considering *proper* factors, § 1404(a) dispositions rarely have been overturned on this ground. *See In re McDonnell-Douglas Corp.,* 647 F.2d 515, 517 (5th Cir.1981), quoting *Garner v. Wolfinbarger,* 433 F.2d 117, 120 (5th Cir.1970) ("few litigants have surmounted the formidable obstacles and secured the writ"); *A. Olinick & Sons v. Dempster Bros.,* 365 F.2d 439, 444 (2d Cir.1966) ("What emerges from a review of the cases is a strong sense of appellate reluctance to interfere with the District Court's exercise of discretion under 28 U.S.C. § 1404(a)."). *See also Colonial Times, Inc. v. Gasch,* 509 F.2d 517, 523 (D.C. Cir.1975).

est of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*" (Emphasis supplied.) This provision expressly requires that the transferee court be a place of proper venue. *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Scott argues that venue does not lie in the Georgia court, hence our district court was without power to transfer the case there.

Venue is proper under 5 U.S.C. § 552(a)(4)(B), the applicable FOIA venue provision, in any district in which "the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." Because Scott does not reside or have a place of business in Georgia, venue is proper in the proposed transferee court only if it is the district in which the agency records are located. At this time, we cannot say with complete certainty that the relevant records are located in Georgia. Scott contends that they are not[8] and the Bureau of Prisons, the party apparently best equipped to inform the court of the records' location, did not participate in the district court proceeding. Should the district court determine on remand, and after a precise Government response, that the records are indeed situated in the Northern District of Georgia, it will have the power, pursuant to section 1404(a), to transfer the case to that district.

But even if it were crystal clear that the relevant records are located in Georgia, this case would present the further question whether the district court abused its discretion in ordering a transfer of Scott's complaint *sua sponte* and for the reason stated. As we noted above, there are limits to the broad discretion accorded courts under section 1404(a). The Reviser's Note to the section states that a change of venue under the provision "requires the court to determine that transfer is necessary for the convenience of the parties and witnesses, and

further, that it is in the interest of justice to do so." In reaching its decision, a court must give due regard to the factors traditionally associated with the doctrine of *forum non conveniens,* including the plaintiff's choice of forum under the limited options venue statutes offer the initiator of litigation. *See Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

Because Scott's complaint is grounded in the FOIA, his venue selection of the District of Columbia has particular significance. Section 552(a)(4)(B) reflects an express congressional design to render the District of Columbia an all-purpose forum in FOIA cases. In 1974, Congress added the District of Columbia to the list of fora in which a FOIA complaint might be brought. Pub.L. No. 93–502, § 1(b)(2) (November 21, 1974), amending 5 U.S.C. § 552(a)(3) (1970). Congress did so for two reasons: first, to provide plaintiffs with an opportunity to bring complaints in a court which has "substantial expertise" in working with the FOIA; second, to provide a forum convenient to the defendant "since attorneys in the Justice Department in Washington, D.C., will have been involved in initial FOIA determinations at the administrative level." S.Rep. No. 854, 93d Cong., 2d Sess. 12–13 (1974); *see East Tennessee Research Corp. v. TVA,* 416 F.Supp. 988, 989, *vacated,* 424 F.Supp. 1329 (D.D.C. 1976) (voluntary dismissal). Both reasons are implicated in this case. Scott filed here for the express purpose of having a court in this jurisdiction hear his complaint; the agency's attorneys, from all indications, are based in the District. The district judge, therefore, should have accorded Scott's forum choice substantial weight. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 444 (2d Cir.1966).

With Scott's forum choice and the FOIA policy providing for venue in the District of

---

**8.** Scott alleged that only the "raw" files in this case are in the Northern District of Georgia and that, in any event, records of his administrative appeal are in the District of Columbia. We are not now sufficiently informed to pass on these assertions. We note only that an unshakeable factual basis for the district court's rejection of Scott's position is not apparent in the record.

Columbia firmly in mind, we turn to the district court's reason for transfer. We note initially that the district judge acted *sua sponte* and without indication from any interested party that this forum would be inconvenient. The broad language of section 1404(a) would seem to permit a court to order transfer on its own motion.[9] Nevertheless, we think such action, if ever appropriate, should be reserved for exceptional circumstances. *See, e.g., Lead Industries Ass'n v. Occupational Safety & Health Administration,* 610 F.2d 70, 79 (2d Cir.1979) (*sua sponte* transfer recommended in FOIA disclosure suit brought in aid of review proceeding in another circuit); *Skil Corp. v. Millers Falls Co.,* 541 F.2d 554, 556 (6th Cir.), *cert. denied,* 429 U.S. 1029, 97 S.Ct. 653, 50 L.Ed.2d 631 (1976) (*sua sponte* transfer for consolidation with related case brought by the same party); *McCoy v. United States Board of Parole,* 537 F.2d 962, 965 (8th Cir.1976) (*sua sponte* transfer of habeas corpus petition to district of confinement may be appropriate). No such circumstances exist in this case.[10]

▮ The district court was of the opinion that the "very large number of forma pauperis cases" filed by prisoners from all over the country are a considerable burden on the judges of the district court; when there are other districts in which venue is proper, the district court believed, it should transfer the case. This rationale is unacceptable. The law is well established that a federal court may not order transfer under section 1404(a) merely to serve its personal convenience. We think it clear in this light that a court may not utilize section 1404(a) as a handy device readily available to avoid the express congressional determination to place venue for FOIA suits in the District of Columbia. A transferor court should act in response to considerations, apart from the court's own convenience, for rejecting a plaintiff's forum choice. Inconvenience to the court is a relevant factor but, standing alone, it should not carry the day. Bare power to transfer a case—here, to Georgia because the records may be there—must be coupled with an adequately reasoned, even-handed basis for transfer. We can conceive of no acceptable reason for singling out for special treatment—whether advantageous or disadvantageous—suits by a particular class of FOIA litigants, in this case *pro se* prisoner complainants.[11]

### III. CONCLUSION

Section 1404(a) transfer orders generally withstand attempts to obtain appellate review by recourse to the extraordinary writ of mandamus. However, Scott's petition presents the rare case in which a transfer order clearly fails to evince a tolerable basis. The district court presented only one reason in support of its decision—that too many in forma pauperis FOIA complaints have been filed in this Circuit. This reason does not justify unloading a case by resort

---

**9.** The few courts that have addressed this question have compared the language in subsections (a) and (b) of § 1404. Subsection 1404(a) does not contain subsection (b)'s proviso authorizing transfer "[u]pon motion, consent or stipulation of all parties." This difference has suggested to these courts that a § 1404(a) transfer may occur on a court's own motion. *See Lead Indus. Ass'n v. Occupational Safety & Health Admin.,* 610 F.2d 70, 79 n. 17 (2d Cir. 1979); *I–T–E Circuit Breaker Co. v. Becker,* 343 F.2d 361, 363 (8th Cir.1965).

**10.** From all indications, this is a run-of-the-mine FOIA complaint, based on a federal prisoner's unsuccessful efforts to obtain information from the Bureau of Prisons. There is no suggestion in the record of pending litigation in any other court or of other exceptional circumstances which might warrant transfer on the court's own motion. Were such circumstances present, we think the appropriate procedure would have been for the court, if it considered transfer the proper course, to raise the question and to request responses from all interested parties. *See, e.g., Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782, 783 (6th Cir.), *cert. denied,* 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961).

**11.** We note also the district court's failure to address the reasons for filing in this Circuit Scott identified in his responses to the show cause orders. Although the court has broad discretion in evaluating Scott's contentions, and may ultimately reject them, principles of fairness suggest that a plaintiff receive some indication that the court considered and for good reason rejected his arguments.

to 28 U.S.C. § 1404(a). Congress expressly established the District of Columbia as a place of proper venue in all FOIA cases. Although plaintiffs have no right to insist that their suits stay here, rejection of their forum choice and avoidance of the congressional policy embodied in the FOIA venue provision must rest on ground more solid than the district court's desire not to hear *pro se* cases that might have been brought elsewhere. We therefore vacate the transfer order and remand the case to the district court for proceedings consistent with this opinion.[12]

*It is so ordered.*

---

12. On remand, the district court should reconstruct the record, which appears to have been misplaced.