John V. NORRIS, Appellant,

v.

E. Paul SLOTHOUBER.

No. 82–1785.

United States Court of Appeals,
District of Columbia Circuit.

Submitted Sept. 15, 1983.

Decided Oct. 4, 1983.

John V. Norris, pro se.

Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.

Before MIKVA and GINSBURG, Circuit Judges, and BAZELON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

This is an appeal from a district court order dismissing a pro se plaintiff's complaint the day it was filed. Plaintiff-appellant Norris alleged that, as a pretrial detainee, he had been subjected to overcrowded and unsanitary conditions at the District of Columbia Detention Center. His complaint sought equitable relief and compensatory damages pursuant to 42 U.S.C. § 1983. Apart from a citation to 28 U.S.C. § 1915(d) (authorizing dismissal of "frivolous" or "malicious" in forma pauperis cases), the district court did not explain its action.

Norris appealed and we remanded the record to the district court for a statement of reasons to "facilitate appellate review" and, "more importantly," to insure that the district court considered the case carefully. *In re Pope*, 580 F.2d 620, 623 (D.C.Cir.1978) (reasons are essential when basis for district court's ruling "cannot be inferred from the record with reasonable certainty"). *Accord In re Scott*, 709 F.2d 717 (D.C.Cir.1983); *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981). After repeating our order and reciting several of the complaint's allegations, the district court again swiftly concluded that the case was "frivolous" within the meaning of 28 U.S.C. § 1915(d). The court added to its conclusion the further observation that the complaint "lack[ed] constitutional dimension."

As its principal reason for the peremptory dismissal, the district court noted that "the problem of overcrowding at the D.C. Detention Center has been the subject of litigation in this court [before another judge] since 1971, *Campbell, et al. v. Magruder [sic], et al.,* Civil Action No. 1462–71." This statement does not explain the district court's action. Indeed, the similarity between Norris' allegations and those in *Campbell* should have made it apparent that dismissal for frivolity was unwarranted. *See Campbell v. McGruder,* 580 F.2d 521 (D.C.Cir.1978).

■ The absence of a record in this case leaves us without means to determine whether Norris is a member of the class certified in *Campbell* under FED.R.CIV.P. 23(b)(2) and (3) and, if he is, whether he received notice of that action, including advice that, as to the (b)(3) portion of the certification, he had the option to withdraw himself from the class. Further, we note that the *Campbell* action, as filed, sought only injunctive and declaratory relief. A suit for damages is not precluded by reason of the plaintiff's membership in a class for which no monetary relief is sought. *Crowder v. Lash,* 687 F.2d 996, 1007–09 (7th Cir.1982); *Bogard v. Cook,* 586 F.2d 399, 406–09 (5th Cir.1978), *cert. denied,* 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979); *Jones-Bey v. Caso,* 535 F.2d 1360 (2d Cir. 1976); 18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 4455 (1981). *But see International Prisoners' Union v. Rizzo,* 356 F.Supp. 806 (E.D.Pa.1973).

■ Because Norris' allegations substantially overlap those in *Campbell,* his case should be referred to the district judge before whom the *Campbell* action is pending. *See Goff v. Menke,* 672 F.2d 702 (8th Cir. 1982); *cf. Herron v. Beck,* 693 F.2d 125 (11th Cir.1982); *Jordan v. Jones,* 563 F.2d 148 (5th Cir.1977). For the reasons we have indicated, however, Norris' complaint should not have been dismissed without any real consideration. We therefore reverse the district court's order and remand for proceedings consistent with this opinion.