ENVIRONMENTAL CRIMES
PROJECT, Plaintiff,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Defendant.

Civil Action No. 95–1956 (JR).

United States District Court,
District of Columbia.

Dec. 5, 1995.

Jonathan Turley, Environmental Crimes
Project, George Washington University Law
School, Washington, DC, for Plaintiff.

Anne L. Weismann, David M. Glass, U.S.
Department of Justice, Washington, DC, for
Defendant.

## MEMORANDUM AND ORDER

ROBERTSON, District Judge.

Defendant EPA moves pursuant to 28
U.S.C. § 1404(a) for the transfer of this case
to the District of Nevada, asserting that the
FOIA dispute presented in this case is part
and parcel of litigation pending in that dis-
trict. EPA states that its right to withhold
the records sought in this action has been
called into question in two other actions
pending before Judge Philip M. Pro: *Frost v.
Perry,* 919 F.Supp. 1459 (D.Nev.1996) and
*Kasza v. Browner,* No. C.V.–S–94–795–PMP
(RLH) (D.Nev.1996). The two cases are "cit-
izen suits" brought under a provision of the
Resource Conservation and Recovery Act, 42
U.S.C. § 6901. The plaintiff in the instant
case represents the plaintiffs in both of the
Nevada cases. One of the two cases, *Brown-
er,* was originally filed in this district and was
transferred to Nevada by order of Judge
Charles R. Richey on August 23, 1994 pursu-
ant to 28 U.S.C. § 1404(a). Judge Pro de-
nied a motion to remand *Browner* back to
this district. Numerous discovery requests
have been made in the pending Nevada
cases, some of which have been resisted by
government defendants invoking the military
and state secrets privilege (in the *Perry* case
against the Secretary of the Air Force) and
the military and state secrets privilege, the
attorney-client privilege, the work-product
doctrine, and the investigatory files privilege
(in the *Browner* case against the Administra-
tor of EPA). Defendant states that nine
motions to compel discovery have been filed
in the Nevada actions.

The change of venue statute 28 U.S.C.
§ 1404(a), provides that "for the convenience
of parties and witnesses, in the interest of
justice, a district court may transfer any civil
action to any other district or division where
it might have been brought."

The interest of justice clearly favors trans-
fer of this case to Nevada: Judge Pro is
already engaged with the fact issues and the
discovery disputes. If this case were permit-
ted to go forward in the District of Columbia
there would be a risk of inconsistent results,
and there would be waste or misapplication
of judicial resources.

The convenience of parties and witnesses is probably a neutral factor here. EPA concedes that many if not most of the records plaintiffs seek are physically located in Washington. Lawyers for both parties are present in both venues. FOIA litigation typically does not require witness testimony to any significant extent in any case.

The controlling question on this motion is whether this civil action "might have been brought" in the District of Nevada. The original FOIA request was filed by Joan Manley, of Arlington, Virginia. Ms. Manley is an attorney with the Environmental Crimes Project but omitted to mention the Project or her association with it in her FOIA request and used her home address and telephone number. When EPA responded to Ms. Manley's FOIA request the administrative appeal was taken, not by Ms. Manley, but by the Environmental Crimes Project. Neither the Environmental Crimes Project nor Joan Manley resides or has a principal place of business in Nevada. Some of the records at issue in this case are not located there. Nevertheless, defendant urges a "flexible" reading of the venue provisions of 5 U.S.C. § 552(a)(4)(B). Defendant relies upon a persuasive decision of the Middle District of Louisiana, *Cooper v. Department of the Air Force*, 528 F.Supp. 472 (1981). Unlike the *Cooper* decision, however, *In re Scott*, 709 F.2d 717 (D.C.Cir.1983), is binding upon me. The *Scott* decision underscores the substantial weight that is due to a plaintiff's choice of forum in a FOIA case, 709 F.2d at 720, and appears to require a record containing "precise" information concerning the location of the records sought, *id.*

I am unwilling to transfer this case in the absence of the precise record required by the *Scott* case.

I am nevertheless impressed with defendant's argument that the Environmental Crimes Project and the plaintiffs in the *Perry* and *Browner* cases are essentially interchangeable, and I am reluctant to proceed with adjudication of plaintiff's FOIA claims in a way that may "end run" or otherwise interfere with the case before Judge Pro.

Accordingly, it is by the Court this 5th day of December 1995 *sua sponte* **ORDERED** that all proceedings in this action are **stayed** pending the resolution of the discovery disputes now before Judge Pro in the District of Nevada. Plaintiff may have to and including 30 days following the entry of an order disposing of the last of those motions to compel within which to respond to the instant motion to transfer. In that response, and in any government reply thereto, the Court expects to be advised (1) which documents now being sought by the plaintiff have been protected from discovery by orders of Judge Pro, and upon what grounds; and, for any documents not protected from disclosure or covered by the disclosure requests in Nevada, (2) whether responsive documents are located in the District of Columbia, or Nevada, or both.