BIOCHEM PHARMA, INC.,
et al., Plaintiffs,

v.

EMORY UNIVERSITY, Defendant.

No. CIV.A.00–3047(RWR).

United States District Court,
District of Columbia.

May 30, 2001.

Edward C. Donovan, Kirkland & Ellis, Washington, DC, Geoffrey Jaret Greeves, Greenberg Traurig, L.L.P., Washington DC, for Plaintiff.

Lawrence A. Stahl, Fitzpatrick, Cella, Harper & Scinto, Washington, DC, for Defendant.

## MEMORANDUM OPINION

ROBERTS, District Judge.

Plaintiffs Biochem Pharma, Inc. ("Biochem") and Glaxo Wellcome Inc. ("Glaxo") and defendant Emory University ("Emory") are all dissatisfied with the result of an Interference proceeding before the United States Patent and Trademark Office ("USPTO") Board of Patent Appeals and Interferences ("Board"). Biochem and Glaxo filed this lawsuit seeking review of the Board's decision. Emory subsequently filed a related lawsuit, Civil Action No. 01–389, seeking review of the same decision. Emory filed in this action a Motion to Dismiss or to Transfer Venue, and plaintiffs filed a Motion for Consolidation of Civil Action No. 01–389 with this case. Because the cases are closely related, they should be consolidated. Because the convenience of the parties and witnesses and the interests of justice will best by served by disposing of these consolidated cases together with the underlying patent infringement action in the Northern District of Georgia, the consolidated cases will be transferred to that court pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

In 1996, Emory sued Biochem and Glaxo in the United States District Court for the Northern District of Georgia. Emory alleged that Biochem and Glaxo's marketing of Epivir, a compound effective against HIV, infringed Emory's patent, U.S. Patent No. 5,539,116 (the "'116 Patent").[1] In May 1998, the USPTO initiated Interference proceeding No. 104,201 to determine whether Emory or Biochem had priority with regard to the subject matter which underlies the '116 Patent. Biochem requested and obtained a stay of the patent infringement litigation in Georgia pending the completion of the USPTO's Interference proceeding.

On December 21, 2000, the Board issued its decision, awarding priority to Biochem and Glaxo. Emory is dissatisfied with this aspect of the decision. Biochem and Glaxo are dissatisfied with the Board's decision not to address other issues in the Interference proceeding but, instead, to deem those matters moot. Biochem and Glaxo filed this lawsuit on December 21, 2000, the same day the Board announced its

---

1. The '116 Patent was issued to Emory on July 23, 1996, the same day Emory filed its patent infringement lawsuit against Biochem and Glaxo.

decision. Biochem and Glaxo challenge the Board's decision pursuant to 35 U.S.C. § 146.[2] On February 16, 2001, Emory likewise filed a § 146 lawsuit, but in the Northern District of Georgia. On February 21, 2001, Emory filed in this Court another § 146 lawsuit challenging the same Board decision. Emory has moved to dismiss or transfer Biochem's lawsuit, and Biochem and Glaxo have moved to consolidate the two cases.

## DISCUSSION

### I. *Consolidation*

Biochem and Glaxo seek consolidation of the two § 146 cases in this Court which relate to Interference proceeding No. 104,-201. Emory opposes consolidation based on its position that this lawsuit should be transferred to the Northern District of Georgia and its representation that it will dismiss Civil Action No. 01–389 once the Georgia court assumes jurisdiction over Emory's § 146 case in that court.

■■■ Rule 42(a) of the Federal Rules of Civil Procedure provides for consolidation of cases involving a common question of law or fact. The district court has broad discretion in determining whether to consolidate related cases. *See Mylan Pharmaceuticals Inc. v. Henney*, 94 F.Supp.2d 36, 43 (D.D.C.2000). Consolidation is appropriate where, as here, the two cases each involve review of the same underlying decision. *See id.* at 43–44. When Emory filed its lawsuit, it correctly represented that Civil Action No. 00–3047 was a related case. Biochem and Glaxo answered Emory's lawsuit and filed a counterclaim restating their § 146 challenge already set forth in this case.

It is beyond dispute that these two § 146 cases are inextricably related. The Court exercises its discretion to grant plaintiffs' Motion for Consolidation.

### II. *Transfer to the Northern District of Georgia*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Emory seeks transfer of this case to the United States District Court for the Northern District of Georgia where the underlying patent infringement case is pending. Plaintiffs oppose transfer, preferring to litigate the § 146 issues in this district.

■■■ When lawsuits involving the same controversy are filed in more than one jurisdiction, the general rule is that the court that first acquired jurisdiction has priority. *See Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620, 627 (D.C.Cir.1975). In this case, there exists in the Northern District of Georgia a first-filed, well-advanced, related patent infringement action involving the same patent at issue in the Interference action before the USPTO.

■■■ "The decision whether to transfer under § 1404(a) is left largely to the district court's discretion, and of necessity depends on the facts of each case." *Smiths Industries Medical Systems, Inc. v. Ballard Medical Products, Inc.*, 728 F.Supp. 6, 7 (D.D.C.1989) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

---

**2.** Section 146 provides in pertinent part that "[a]ny party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action ...." 35 U.S.C. § 146.

Transfer "under § 1404(a) is appropriate when there is an ongoing related case in another jurisdiction." *Id.* (citing *In re Scott*, 709 F.2d 717, 721 & n. 10 (D.C.Cir. 1983)). "Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. Rather, all of the parties' related patent and trademark infringement claims should be decided in the same court." *Id.*

In this case, the interests of justice strongly favor transfer. The patent infringement case in Georgia had been pending for approximately two years when it was stayed in favor of the Interference proceeding. The parties had engaged in substantial discovery, much of which is under a protective order. *See* Order (Granting Stay of Patent Infringement Lawsuit in Northern District of Georgia), Exh. A to Emory's Opposition to Motion for Consolidation, at 10. Moreover, the Georgia court stayed the patent infringement lawsuit assuming that any § 146 challenge to the Interference decision would be decided in that court. *See id.* at 8.

The convenience of the parties and witnesses weighs slightly in favor of transfer. Emory is located in Georgia and asserts that most of its witnesses would be located there.[3] Neither Biochem nor Glaxo is located in the District of Columbia, and neither claims to have witnesses who are located here. Although Biochem and Glaxo may perceive this district to be a more desirable forum, there is no indication that the parties and witnesses in these cases would find the District of Columbia more convenient than Atlanta, Georgia.

In light of the Georgia federal court's greater experience with this dispute, the Georgia court's prior jurisdiction over the dispute, the interrelatedness of the infringement case and the § 146 cases, and the fact that the parties have already engaged in substantial discovery in Georgia, the record establishes that the Northern District of Georgia is the forum where the consolidated cases in this district can be tried most conveniently. Pursuant to § 1404(a), the Court will grant Emory's Motion to Transfer.[4]

### CONCLUSION

This case and Civil Action No. 01–389 should be consolidated. The interests of justice and the convenience of the parties and witnesses favor transfer of this case to the United States District Court for the Northern District of Georgia where the underlying patent infringement case was filed in 1996. A separate Transfer Order consistent with this Memorandum Opinion will be issued.

---

3. Emory claims that all of its documents are located in Atlanta. If the relevant evidence is what was presented to the Board, though, that evidence is located here.

4. Transfer of the case to Georgia renders Emory's alternative motion to dismiss for lack of personal jurisdiction moot. Emory's Motion to Dismiss for lack of subject matter jurisdic-

tion based on Emory's argument that Biochem and Glaxo did not lose the Interference proceeding and, therefore, cannot be "dissatisfied" parties with a right to pursue relief under § 146 is transferred with the case to the Northern District of Georgia for decision in that court.