**In re DRC, INC., also known as Disaster Relief Construction, Inc., Petitioner.**

No. 09–5083.

United States Court of Appeals, District of Columbia Circuit.

Dec. 8, 2009.

George D. Wenick, Smith, Currie & Hancock, Atlanta, GA, R. Craig Lawrence, Laurie Jean Weinstein, Assistant U.S. Attorneys, U.S. Attorney's Office, Washington, DC, for Petitioner.

Before: SENTELLE, Chief Judge, ROGERS, Circuit Judge, and EDWARDS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This petition for writ of mandamus was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. Rule 36(d). It is

**ORDERED and ADJUDGED** that the petition for writ of mandamus be denied.

The United States alleges that petitioner violated the False Claims Act, 31 U.S.C. §§ 3729–33, by making fraudulent representations on its pre-qualification documents in order to obtain a contract funded by the U.S. Agency for International Development ("USAID") and by fraudulently billing USAID for work performed in violation of that contract. In 2004, petitioner

filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6), and, in the alternative, to transfer the case, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), to Mobile, Alabama, where its principal place of business is located. In 2009, the district court denied the motion and petitioner's motion for reconsideration. Petitioner then filed a petition for a writ of mandamus to direct the district court to transfer the case or hold a hearing on the issue. We deny the writ.

Mandamus is an extraordinary remedy, justified only by "exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (internal citations and quotation marks omitted). Generally the writ will not issue unless no other adequate remedy is available, there is a clear right in the petitioner to the relief sought, and the issuing court is satisfied that the writ is appropriate under the circumstances. *Id.* at 380–81, 124 S.Ct. 2576. The writ will only issue "to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). The requirement of a clear duty is inimical to a discretionary determination that is vested in the district court. *See Ganem v. Heckler*, 746 F.2d 844, 853 (D.C.Cir.1984) (quoting *Work v. United States ex rel. Rives*, 267 U.S. 175, 177, 45 S.Ct. 252, 69 L.Ed. 561 (1925)).

■ The False Claims Act provides that venue is proper wherever a defendant "transacts business." 31 U.S.C. § 3732(a). The district court relied on four facts in finding that personal jurisdiction and venue were proper: (1) Petitioner's contract denoted USAID's substantial oversight role; (2) Petitioner sent the allegedly false pre-qualification documents and pay certifications to the District of Columbia for USAID approval and payment; (3) USAID wire-transferred funds from the District of Columbia directly to petitioner; and (4) Petitioner had numerous business dealings with federal entities headquartered in the District of Columbia. Mem. Op. at 4–5. Whether or not the ruling is correct, it does not raise a question that should be resolved pursuant to a writ of mandamus. *See Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (stating "the writ will issue only in extraordinary circumstances" when "the party seeking issuance of the writ ha[s] no other adequate means to attain the relief he desires" and the "right to issuance of the writ is clear and indisputable") (internal citations and quotation marks omitted). The district court was not clearly wrong in its decision on personal jurisdiction, and any issue regarding that matter can be raised on appeal.

■ The decision whether or not to transfer the case to another judicial district pursuant to 28 U.S.C. § 1404(a) is discretionary. A transfer in derogation of proper venue in the District of Columbia must be justified by particular circumstances that render the forum inappropriate by reference to considerations specified in the statute. *Starnes v. McGuire*, 512 F.2d 918, 925–26 (D.C.Cir.1974) (en banc). Petitioner contends the district court "gave overriding weight to an improper factor," Petition at 12, namely that the case was four years old as a result of the delay in acting on its motion to dismiss or transfer the case. However, petitioner's reliance on a statement considering its motion for reconsideration overlooks the district court's findings in initially denying

petitioner's motion and the district court's statement that the case could have been brought in Alabama but the plaintiff's choice of forum was due deference. It also overlooks the district court's observation that it saw nothing new in petitioner's motion for reconsideration. Considering the age of the case implicitly invokes public interest considerations, 28 U.S.C. § 1404(a) (interest of justice); *see Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and is not the sort of improper "personal convenience" factor that the court addressed in issuing a writ of mandamus to prevent the *sua sponte* transfer of a case overriding the plaintiff's choice of forum, *see In re Scott,* 709 F.2d 717, 721 (D.C.Cir.1983) (per curiam). Here the factors relevant to transfer were addressed in the parties' pleadings. Assuming the district court should have provided a record to show it had considered each of the transfer factors, *see Scott,* 709 F.2d at 718 n. 4, 720, as in the cases it cited, Mem. Op. at 6 (citing *Sierra Club v. Van Antwerp,* 523 F.Supp.2d 5 (D.D.C.2007); *DeLoach v. Philip Morris Cos., Inc.,* 132 F.Supp.2d 22 (D.D.C.2000)), petitioner still fails to show that the district court usurped power by retaining the case in this judicial district or clearly abused its discretion in a manner to warrant extraordinary relief by mandamus.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.