# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JASON LEOPOLD et al., | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | )  Case No. 21-cv-0558 (APM) |
|  | ) |
| U.S. DEPARTMENT OF JUSTICE et al., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## MEMORANDUM OPINION AND ORDER

It should come as no surprise that in the aftermath of the January 6, 2021 attack on the U.S. Capitol there are demands for public access to records under the Freedom of Information Act ("FOIA").  This case involves one such demand.  Plaintiffs Jason Leopold and Buzzfeed Inc. seek from "[the Department of Justice ('DOJ')] and its 38 components" a broad array of records relating to the January 6 attack.  Compl., ECF No. 1 [hereinafter Compl.], ¶ 7.  Defendants in this action now ask the court to consolidate this case with two others that also request records concerning the events of January 6:  *Citizens for Responsibility & Ethics in Washington (CREW) v. Department of Justice*, No. 1:21-cv-572 (RC) (D.D.C.), and *American Oversight v. Department of Defense*, No. 1:21-cv-624 (RDM) (D.D.C.).  *See* Defs.' Mot. to Consolidate Cases, ECF No. 11 [hereinafter Defs.' Mot.].  Plaintiffs in all three cases oppose consolidation, *see id.*, and two Plaintiffs have filed oppositions, *see* Am. Oversight's Opp'n to Defs.' Mot., ECF No. 14 [hereinafter Am. Oversight Opp'n]; Leopold & Buzzfeed Inc.'s Opp'n to Defs.' Mot., ECF No. 16.

Federal Rule of Civil Procedure 42(a) permits a court to consolidate cases involving "a common question of law or fact."  Fed. R. Civ. P. 42(a).  The decision to consolidate rests within the court's "broad discretion."  *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13

(D.D.C. 2001).  In deciding whether consolidation is appropriate, the court should "weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated."  *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016).

"FOIA-related consolidation cases are not common."  *Am. Oversight v. U.S. Dep't of Health & Hum. Servs.*, No. 1:20-cv-947 (TNM), 2020 WL 3469687, at *1 (D.D.C. June 25, 2020).  Courts consider a number of additional factors in making consolidation determinations in FOIA cases, including:  "a comparison of the document-producing government agencies, whether the requests involve common affiants or documents, the risk of conflicting rulings on disputed questions, the scope of the FOIA requests, and whether the cases have a common procedural posture."  *Id.* (citations omitted).  Evaluating those factors here, the court declines Defendants' request to consolidate.

To begin, a comparison of the document-producing agencies reveals the markedly different scope of each case.  The instant case involves a FOIA request directed at "DOJ and its 38 components."  Compl. ¶ 7.  The other two cases involve agencies in addition to DOJ.  The *American Oversight* action is limited to only two DOJ offices but also includes the Department of Defense ("DOD"), the National Guard Bureau, the U.S. Army, and the U.S. Secret Service.  Compl., *Am. Oversight v. U.S. Dep't of Def.*, 21-cv-624 (RDM) (D.D.C. Mar. 9, 2021), ECF No. 1 [hereinafter Am. Oversight Compl.].  The *CREW* case involves, in addition to documents requested from DOJ, documents requested from the Department of the Interior ("DOI"), DOI's Park Police, the Department of Homeland Security ("DHS"), the Army, and DOD.  Compl., *CREW v. Dep't of Justice*, No. 1:21-cv-572 (RC) (D.D.C. Mar. 4, 2021), ECF No. 1.  Although "[i]dentity

2

of the parties is not a prerequisite" to consolidation, *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011), the disparate agencies involved portend disputes regarding searches and withholdings that are likely to be unique to each case.

Next, although the parties acknowledge some overlap in the documents requested, *see, e.g.*, Am. Oversight Opp'n at 6, that overlap is likely to be a small percentage of the overall universe of records sought. The only common request among the three suits has been defined narrowly by American Oversight, which has directed its request to just two components of DOJ and sought documents from only specific custodians. *See* Am. Oversight Compl. ¶¶ 19–24. Thus, outside some minimal overlap, the three cases will involve differently scoped searches across multiple different agencies, sub-agencies, and custodians. That reality inevitably will lead to an assortment of declarants describing varying search protocols and withholdings, should disputes arise. The court sees little efficiency to be gained when only a small sub-set of records is common among the three cases.

Defendants fear that non-consolidation risks conflicting rulings, but such a concern at this juncture is at best speculative. Again, the overlap among the cases is limited, and Defendants have presented no reason to believe that a dispute is likely to arise as to that group of records.

Finally, although all three cases are in their early stages, and would benefit from a coordinated approach, consolidation is not necessary to achieve efficiencies. The same defense counsel from Main Justice has entered an appearance in all three cases, thereby ensuring that the government will take a uniform approach to these cases across the various agencies and subcomponents involved.

For the foregoing reasons, Defendants' Motion to Consolidate is denied without prejudice. Should concrete problems arise that would benefit from consolidation, the court is prepared to reconsider.

Dated: May 24, 2021

Amit P. Mehta
United States District Court Judge