George B. KEEPSEAGLE,
et al., Plaintiffs,

v.

Dan GLICKMAN, Secretary of
Agriculture, Defendant.

No. Civ.A.–99–3319(PLF).

United States District Court,
District of Columbia.

June 5, 2000.

Phillip L. Fraas, Tuttel, Taylor & Heron, Washington, DC, Alexander J. Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, for Plaintiff.

Neil H. Koslowe, Civil Division, Dept. of Justice, Washington, DC, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

PAUL L. FRIEDMAN, District Judge.

Plaintiffs, a number of Native American farmers, allege that defendant discriminated against them on the basis of their race in the review of their applications for credit or benefit programs and that defendant failed to review their administrative complaints of discrimination properly. They seek certification of this case as a class action.

Plaintiffs designated this lawsuit as related to *Pigford v. Glickman*, 206 F.3d 1212 (C.A.D.C.2000), a similar lawsuit brought by a group of African American farmers, and requested that it be assigned to the undersigned under Local Civil Rule 40.5(a). Defendant contends that plaintiffs' designation is flawed because (1) the *Pigford* case is not

"pending on the merits," (2) the two cases do not involve "common issues of fact," and (3) the two cases do not "grow out of the same event or transaction." The Court finds that the cases are not related within the meaning of Local Civil Rule 40.5(a) and will transfer this case to the Calender Committee for random reassignment.

■ Under Local Civil Rule 40.5, a lawsuit that is related to an earlier-filed lawsuit should be assigned to the judge to whom the oldest related case is assigned. When the earlier lawsuit is still pending on the merits, a case is deemed related if it "(i) relate[s] to common property, or (ii) involve[s] common issues of fact, or (iii) grow[s] out of the same event or transaction or (iv) involve[s] the validity of the same patent." LCvR 40.5(a)(3). Plaintiffs contend that their case is related to the *Pigford* lawsuit because *Pigford* is still pending on its merits and "involves common issues of fact" and "grows out of the same event or transaction."

This Court approved the Consent Decree embodying the class action settlement of the *Pigford* lawsuit on April 14, 1999, finding that "[t]he Consent Decree [was] a fair, adequate and reasonable settlement of the claims brought in this case." *Pigford v. Glickman*, 185 F.R.D. 82, 113 (D.D.C.1999). One member of the class appealed the approval of the consent decree, and the appeal was pending at the time of the filing of the instant lawsuit, but has since been decided.[1] As the Consent Decree and the Court's Opinion both indicate, this Court retained jurisdiction over this matter only to assure that there is no violation of the terms and requirements of the Consent Decree, to resolve attorneys' fees questions, and to provide judicial support sufficient to assure that the court-appointed Monitor may carry out her responsibilities unimpeded under the Consent Decree. *See* Consent Decree of April 14, 1999 at ¶¶ 12–14; *Pigford v. Glickman*, 185 F.R.D. at 110. Other than the Court's retention of jurisdiction over these few matters typically reserved to courts after the approval of a settlement or entry of a consent decree, the *Pigford* lawsuit has been completely resolved and is no longer "pending on its merits." *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380–81, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (court retains jurisdiction over settlement agreement when agreement is incorporated into court order or court specifically states intent to retain jurisdiction); *Foretich v. American Broad. Cos. Inc.*, 198 F.3d 270, 273 (D.C.Cir. 1999) (district court retained jurisdiction over related motion for attorneys' fees and costs as well as motion to enforce settlement agreement during pendency of appeal); *Lancaster v. Independent School Dist. Number 5*, 149 F.3d 1228, 1237 (10th Cir.1998) (award of attorneys' fees is "collateral to the merits of the underlying action").

Then Chief Judge Robinson's opinion in *Collins v. Pension Benefit Guaranty Corp.*, 126 F.R.D. 3 (D.D.C.1989), does not mandate a different result. In *Collins*, Judge Robinson found that an earlier, settled class action was still "pending on the merits" because "until the obligations under the settlement agreement are discharged, even the main legal issue decided by the settlement agreement can be considered as still pending." *Id.* at 7 n. 3. Although "the main legal issue" in *Collins* had been resolved by the settlement, "that [did] not mean that all future litigation will not involve 'merits' determinations." *Id.* While Judge Robinson foresaw the possibility of "future litigation" involving "merits determinations" in *Collins*, there is no such future litigation on the horizon in the *Pigford* lawsuit. The Consent Decree resolved all such issues.

Except in unusual circumstances, once a lawsuit is settled and a consent decree is entered, it is no longer "pending on the merits." To conclude otherwise would allow plaintiffs to file related cases for years afterwards so long as the court retained jurisdiction to consider attorneys' fees applications, to remedy violations of the consent decree or to function in other prophylactic capacities— as, for example, this Court has done in *Pigford* by retaining jurisdiction to assure that the Monitor is fully able to carry out her responsibilities over the next five years. Fi-

---

1. The court of appeals upheld the Court's approval of the Consent Decree on March 31, 2000.

*See Pigford v. Glickman*, 206 F.3d 1212 (D.C.Cir. 2000).

nally, except in unusual circumstances, a case cannot still be pending on the merits in the district court once an appeal has been properly taken because the case would not be appealable absent a final judgment. *See Thomas v. National Football League Players Ass'n,* 1992 WL 43121 (D.D.C.1992). The *Pigford* lawsuit was on appeal at the time this case was filed and there does not appear to be any reason to question the general presumption.

Finally, even if the Court were to conclude that the *Pigford* lawsuit was still "pending on its merits," this case does not "involve[ ] common issues of fact" or "grow[ ] out of the same event or transaction" as those involved in *Pigford. See* LCvR 40.5(a)(3). While plaintiffs claim that they have been injured by the same policies of defendant and in the same manner as were the plaintiffs in *Pigford,* their allegations are factually distinct. Plaintiffs claim that defendant discriminated against them because they were Native American; the *Pigford* case, by contrast, was uniquely about defendant's discrimination against African American farmers. *See Pigford v. Glickman,* 185 F.R.D. at 85–88 (reviewing historical relationship between Department of Agriculture and African American farmers). In addition, the discrimination in this case allegedly occurred as a result of the acts of county commissions in entirely different regions of the country than were at issue in *Pigford.* Because none of these acts would be at issue in both cases, there are no common events or transactions out of which the cases could grow.

At bottom, the only relationship between this case and the *Pigford* case is that both sets of plaintiffs are farmers who are members of protected classes and both complain of similar discrimination at the hands of the Department of Agriculture. These common aspects are not sufficient under this Court's Local Rules to justify waiving the normal judicial policy of random assignment of cases. *See Sculimbrene v. Reno,* Civil Action No. 99–2010, Memorandum and Order at 2 (D.D.C. Jan. 24, 2000) (Lamberth, J.) ("Local Rule 40.5 is intended to constitute an *exception* to the normal judicial policy of random

assignment of cases, and it does not contemplate the kind of wide-ranging exception plaintiff seeks ...") (emphasis in original). Because this case and the *Pigford* case are not related under Local Civil Rule 40.5, it is hereby

ORDERED that this case is transferred to the Calender Committee for random reassignment.

SO ORDERED.