Linda R. TRIPP, Plaintiff,

v.

**EXECUTIVE OFFICE OF THE PRESIDENT, et al., Defendants.**

No. Civ.A. 99–2554(RCL).

United States District Court, District of Columbia.

Aug. 14, 2000.

Srephen Martin Kohn, David Keith Colapinto, Kohn, Kohn & Colapinto, P.C., Washington, DC, for plaintiff.

Sylvia T. Kaser, Vesper Mei, Anne L. Weismann, U.S. Dept. of Justice, Civil Division, Washington, DC, for defendants.

Larry Elliot Klayman, Paul J. Orfanedes, Klayman & Associates, P.C., Washington, DC, for intervenor.

*ORDER*

Defendants have filed this appeal to the Calendar Committee of Judge Lamberth's Memorandum and Order of June 14, 2000, denying Defendants' objection to Plaintiff's designation of this case as related, under LCvR 40.5, to *Alexander et al. v. FBI, et al.,* C.A. Nos. 96–2123 & 97–1288. Upon consideration of Defendants' appeal and all the pleadings and exhibits filed by the parties, the Calendar Committee concludes that these cases are not related under LCvR 40.5, and that this case should be randomly reassigned.

In the present case, Plaintiff alleges that a release of information from her security clearance application by the Department of Defense to a reporter for the *New Yorker* magazine violated her rights under the Privacy Act, 5 U.S.C. § 552a (1994), and the Civil Rights Act of 1871, 42 U.S.C. § 1985(2). Plaintiff also brought additional analogous

common law claims against individual Defendants based on invasion of privacy and civil conspiracy. She sued the Executive Office of the President, the Department of Defense, the Assistant Secretary of Defense, the Principal Deputy Assistant Secretary of Defense, and Jane and John Does Nos. 1–39. Plaintiff subsequently amended her complaint to include allegations against the FBI.

Upon filing her Complaint in September 1999, Plaintiff designated it as related to *Alexander*. That case was filed as a class action alleging that the Executive Office of the President improperly obtained the confidential files of more than 700 individuals formerly employed by the White House.

Judge Lamberth concluded that substantial common issues of fact as well as considerations of judicial economy were sufficient to render this case related to *Alexander*, and denied Defendants' Objection to Plaintiff's Related Case Designation.

The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned. LCvR 40.3(a) provides that "civil, criminal and miscellaneous cases shall be assigned to Judges of this court selected at random ...". An exception to the general rule is permitted, under LCvR 40.5, when cases "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction ..."

■ The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process. The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping. The exception to the general rule, contained in LCvR 40.5, rests primarily on considerations of judicial economy. It will often prove wasteful of time and resources for two judges to be handling cases that are so related that they involve common factual issues or grow out of the same event or transaction.

■ In this case, it is only the overlap of discovery between *Alexander* and *Tripp* which has created the appearance of commonality between the cases. The cases themselves are quite different. *Alexander* is a class action alleging a broad pattern of White House and FBI abuse of privacy rights in 1993 and 1994. *Tripp*, on the other hand, involves a single plaintiff whose primary allegation is that her privacy rights were violated by one incident involving disclosures to a reporter for the *New Yorker* in 1998. The breadth of discovery in *Alexander* or its overlap with the discovery in *Tripp* is not thought to render the cases related. While it is certainly true that there have been numerous lengthy and contentious disputes in *Alexander* which related to the scope of discovery regarding the Tripp disclosure and which consumed much judicial time and effort, that circumstance cannot govern applicability of the related case rule.

The broad discovery standard contained in Fed.R.Civ.P.26(b)(1) covers any information that "appears reasonably calculated to lead to the discovery of admissible evidence". To allow this expansive standard of relevancy to define the decisive phrase, "common issues of fact", contained in LCvR 40.5, would allow the liberal discovery rules to swallow the far more restrictive related case exception to the prevailing random assignment rule.[1]

Moreover, to permit such an interpretation of the related case rule would undermine the important goals of LCvR 40.3, namely to avoid any appearance of judge-shopping or favoritism in assignments and to assure the public that cases were assigned on an impartial and neutral basis. *See Sculimbrene v. Reno*, Civil Action No. 99–2010, Memorandum and Order at 2 (D.D.C. January 24, 2000) ("Local rule 40.5 is intended to constitute an exception to the normal policy of random assignment of cases, and it does not contemplate the kind of wide-ranging exemption plaintiff seeks ...").

Finally, application of the broad reading of LCvR 40.5 requested by Plaintiff could well lead to one judge being inundated with cases

---

1. There is little doubt that the other criterion for invoking LCvR 40.5 is not satisfied, namely that the more recently filed case did not "grow out of the same event or transaction".

which might have only a tangential discovery connection, but no direct factual nexus, to the central allegations of the primary case.

For all these reasons, the Calendar Committee concludes that the above-captioned matter is not "related" to C.A. Nos. 96–2123 and 97–1288, *Alexander, et al. v. FBI, et al.,* and should be randomly reassigned.

WHEREFORE, it is this *11th* day of August 2000,

ORDERED, that the above matter be randomly reassigned.