In re Enterasys Networks, Inc.        CV-02-071-M    08/02/02
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


In re Enterasys Networks, Inc.,
Securities Litigation

                                    Civil Nos. 02-071-M,
                                    02-074-M, 02-082-M,
                                    02-103-M, 02-162-M
                                    Opinion No. 2002 DNH 148


### O R D E R


Eugene Roth (02-071-M), Anthony M. Leger (02-074-M), Market Street Securities, Inc. (02-082-M), Peter Hawkins (02-103-M), and the Los Angeles County Employees Retirement Association (02-162-M) have all filed class action suits against Enterasys Networks, Inc. ("Enterasys"), Enrique P. Fiallo ("Fiallo"), and Robert J. Gagalis ("Gagalis"), alleging violations of the Securities Exchange Act of 1934 ("the Exchange Act").[1] Plaintiffs have sued under the provisions of 15 U.S.C. § 78u-4 (part of the Private Securities Litigation Reform Act), which allows private class actions to enforce the Exchange Act. Before the court is an

---

[1] Specifically, plaintiffs allege violations of: (1) 15 U.S.C. §§ 78j(b) and 78t(a) (also known as §§ 10(b) and 20(a) of the Exchange Act); and (2) 17 C.F.R. § 240.10b-5 (also known as Rule 10b-5).

unopposed motion, filed by the Los Angeles County Employees Retirement Association ("LACERA"), asking the court to: (1) consolidate all Exchange Act actions against these defendants; (2) appoint LACERA to serve as lead plaintiff; and (3) approve LACERA's selection of lead and liaison counsel. For the reasons given below, LACERA's motion is granted.

As noted above, LACERA is one of five plaintiffs who have filed class action suits against Enterasys, Fiallo, and Gagalis. In addition, LACERA is one of four entities that initially filed motions to consolidate, to be named lead plaintiff, and to have their choices of lead and liaison counsel approved by the court. The other three are: (1) Market Street Securities, Inc. (plaintiff in 02-082-M); (2) EnTrust Partners LLC; and (3) The City of Philadelphia and Jay Y. Gu. Those movants have since withdrawn their motions, leaving LACERA as the only movant seeking lead plaintiff status in this litigation.

Although LACERA's motion is now unopposed, the court considers, in turn, each of its three requests. See In re Lucent Techs., Inc., Secs. Lit., 194 F.R.D. 137, 152 (D.N.J. 2000) ("The

2

court is under no obligation to accept . . . a proposed lead plaintiff merely because [its] proposed appointment is unopposed by other members of the [p]roposed [c]lass.") (citing <u>In re Network Assocs., Inc., Secs. Lit.</u>, 76 F. Supp. 2d 1017, 1024 (N.D. Cal. 1999)).

## Motion to Consolidate

Having examined the complaints in the five cases listed in the caption of this order, I find no reason why the cases should not be consolidated. All five involve the same operative facts and claim violations of the same federal statutes and rules. <u>See</u> Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . ."). And, no party has objected to consolidation. Accordingly, LACERA's motion for consolidation is granted. Hereafter, all pleadings and other filings shall bear the caption used on this order, "In re Enterasys Networks, Inc., Securities Litigation," and shall bear the Civil Number "02-071-M." Additional information regarding the procedural logistics of consolidation may be found in the court's companion order, issued this day.

**Motion to Appoint LACERA as Lead Plaintiff**

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."  Furthermore

> Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
> **(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> **(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and
> **(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

LACERA plainly meets the first of the three qualification standards.  It filed the complaint in 02-162-M and has moved to be appointed lead plaintiff.

As for the second standard, based upon the record before it, including both LACERA's factual assertions and the lack of opposition to LACERA's motion, the court determines that LACERA has the largest financial interest of all class members. See Greebel v. FTP Software, Inc., 939 F. Supp. 57, 64 (D. Mass. 1996) ("As no other persons have sought to be appointed lead plaintiff, [movants] have the largest financial interest in the relief sought by the class."). Factually, LACERA claims losses of over $2 million, and is, unquestionably, the kind of institutional investor Congress envisioned as an appropriate lead plaintiff in actions such as these. See id. at 63-64.

Finally, as to the third standard, compliance with Fed. R. Civ. P. 23, "a proposed [l]ead [p]laintiff need only make a preliminary showing that he or she satisfies the typicality and adequacy requirements of Rule 23." Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 407 n.8 (D. Minn. 1998) (citations omitted). Here, LACERA has made a preliminary showing that it meets the typicality requirement because its "claims arise from the same event or practice or course of conduct that gives rise to the claims of the class members and the claims are based on

5

the same legal theory." <u>Fields v. Biomatrix, Inc.</u>, 198 F.R.D. 451, 456 (D.N.J. 2000) (citations and internal quotation marks omitted). And LACERA has made a preliminary showing that it meets the adequacy requirement because the supporting material submitted with its motion demonstrates that its counsel is "qualified, experienced, and generally able to conduct the proposed litigation," <u>id.</u> at 457 (citations omitted), and because it does "not have interests antagonistic to those of the class," <u>id.</u> (citations omitted).

Because LACERA meets all three of the qualification standards set out in 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), it is the "most adequate plaintiff" under 15 U.S.C. § 78u-4(a)(3). Accordingly, its motion for appointment as lead counsel is granted.

### Motion to Approve LACERA's Selection of Counsel

LACERA asks the court to approve Berman DeValerio (of Boston, West Palm Beach, and San Francisco) as lead counsel, and Sulloway & Hollis (of Concord, New Hampshire) as liaison counsel. Under the applicable statutory provision, "[t]he most adequate

6

plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(3)(B)(v). Based upon LACERA's submissions, the court concludes that its "choice [of counsel] is well-calculated to protect the interests of the purported plaintiff class." In re Tyco Int'l, Ltd. Secs. Lit., No. 00-MD-1335-B, 2000 WL 1513772 (D.N.H. 2000) (citing In re Milestone Scientific Secs. Lit., 183 F.R.D. 404, 418 (D.N.J. 1998)). Accordingly, LACERA's motion to approve its selection of lead and liaison counsel is granted.

## Conclusion

For the reasons given above, LACERA's Motion to Consolidate All Actions, for the Appointment as Lead Plaintiff and Approval of its Selection of Lead and Liaison Counsel (document no. 11 in 02-071-M, document no. 7 in 02-074-M, document no. 8 in 02-082-M, document no. 2 in 02-103-M, and document no. 2 in 02-162-M) is granted in its entirety.

**SO ORDERED.**


                                       _____

                                       Steven J. McAuliffe
                                       United States District Judge

August 2, 2002

cc:   Frederick E. Upshall, Jr., Esq.
      Christopher H. M. Carter, Esq.
      David H. Kistenbroker, Esq.
      Andrew W. Serell, Esq.
      Fred L. Potter, Esq.
      Gregory M. Nespole, Esq.
      Barbara A. Podell, Esq.
      Andrew L. Barroway, Esq.
      John R. Harrington, Esq.
      Glen DeValerio, Esq.