Larry D. STEWART, et al. Plaintiffs,

v.

Paul H. O'NEILL, Secretary, U.S. Department of the Treasury Defendant.

Reginald G. Moore, et al.  Plaintiffs,

v.

Paul H. O'Neill, Secretary, U.S. Department of the Treasury Defendant.

Miguel A. Contreras, et al.  Plaintiffs,

v.

Paul H. O'Neill, Secretary, U.S. Department of the Treasury, Defendant.

No. CIV.A. 90–2841(RCL), CIV.A. 00–953(RWR), CIV.A. 02–923(RCL).

United States District Court, District of Columbia.

Sept. 3, 2002.

James William Morrison, Holland &
Knight, L.L.P., Washington, DC, John D.
Maddox, Jerome A. Hochberg, Michael J.
Pollack, Arter & Hadden, L.L.P., Washington, DC, Richard T. Sampson, Semmes,
Bowen & Semmes, Baltimore, MD, Karen
Rapaport Esser, Pension Benefit Guar.
Corp., Washington, DC, Jerusa Carl Wil-

son, Jr., MCI Telecommunications Corp., Washington, DC, David James Shaffer, Ronald A. Schmidt, Shaffer, Rapaport & Schmidt, Washington, DC, for Larry D. Stewart, Mark Jones, Dondi O. Albritton, John C. Ross, William E. Newberry, Vanessa L. McLemore, Wendell B. Roberts, Joe E. Barnes, Jr., Kimberly R. Morton, Wendy L. Carter, Curtis Cooper, Charles Stephen Parris, Sim B. Moore, Jr., Kenneth V. Featherstone, Arthur L. Jones.

Sally M. Rider, U.S. Attorney's Office, Civ. Div., Washington, DC, for Nicholas F. Brady.

Laurie J. Weinstein, U.S. Attorney's Office, Washington, DC, for Paul O'Neill.

Mark D. Laponsky, Washington, DC, for Semmes, Bowen & Semmes.

Prather Randle, Memphis, TN, John Wesley Davis, Washington, DC, for Prather G. Randle.

Jose M. Herrerra, A.T.F. Hispanic Agents' Ass'n, Miami, FL, for A.T.F. Hispanic Agents' Ass'n.

Robert Ernest Sanders, Punta Gorda, FL, for National Ass'n of Treasury Agents (NATA).

Robert Ernest Sanders, Punta Gorda, FL, for Vincent C. Noble, Leonora Magaletta, Michael S. Russell, Richard Issa, Frank Napoli, James L. Jorgensen.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

Now before the Court is plaintiffs' Notice of Case Relation [filed as Docket Entry Number ("DE#") 2 in *Contreras*], defendant's Objection to Plaintiffs' Notice of Related Cases [filed as DE# 554 in *Stewart*], plaintiffs' Response to Defendant's Objection to Related Case Designation [filed as DE# 559 in *Stewart*], plaintiffs' Joint Motion to Consolidate [filed as DE# 556 in *Stewart*; filed as DE# 91 in *Moore*; filed as DE# 3 in *Contreras*], defendant's Opposition to Plaintiffs' Motion to Consolidate [filed as DE# 562 in *Stewart*; filed as DE# 93 in *Moore*; filed as DE# 6 in *Contreras*], and plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Consolidate [filed as DE# 566 in *Stewart*; filed as DE# 95 in *Moore*; filed as DE# 9 in *Contreras*]. Upon consideration of the pleadings, relevant decisions of prior federal courts and record of this case, the Court hereby DENIES plaintiffs' Joint Motions to Consolidate [filed as 556 in *Stewart*; filed as 91 in *Moore*; filed as 3 in *Contreras*], finds that the *Stewart v. O'Neill*, Civil No. 90–2841(RCL), is UNRELATED to *Contreras v. O'Neill*, Civil No. 02–923(RCL), and orders that *Contreras* shall be RETURNED to the Calendar Committee for random reassignment.

## I. Background

These three cases all concern allegations of discrimination and retaliation against agents employed by law enforcement agencies administered by the Department of the Treasury. *Stewart* and *Contreras* are now before this judge, and *Moore* is before Judge Roberts of this Court. Plaintiffs have filed a Notice of Related–Case status as to *Stewart* and *Contreras*, and have also filed motions to consolidate *Stewart*, *Moore*, and *Contreras*; defendant objects to the Notice of Related–Case status, and opposes the motions to consolidate. Pursuant to Local Civil Rule 40.5(d), motions to consolidate cases assigned to different judges of the Court are heard and determined by the judge to whom the earliest-numbered case is assigned. The earliest-numbered case included in these motions to consolidate is *Stewart*, and so the motions to consolidate shall be decided by this judge.

*Stewart v. O'Neill* was filed in 1990, alleging discrimination and retaliation against African–American agents by the Bureau of Alcohol, Tobacco, and Firearms (ATF). The parties ultimately settled the case, and this Court approved that settlement in 1996. *See Stewart v. Rubin,* 948 F.Supp. 1077 (D.D.C.1996). The settlement included many forms of relief, ranging from individual monetary relief to classwide equitable relief. Plaintiffs have now returned before the Court, moving for an Order for defendant to show cause why he should not be held in contempt for alleged failures to comply with the settlement agreement. Defendant opposes the motion, asserting that the fault for the alleged failures lies with plaintiffs and with the contractor hired to design and implement certain promotions systems that were required by the settlement. Although the terms of the settlement agreement decree that the Court's jurisdiction over the bulk of plaintiffs' claims has lapsed, defendant does concede that the Court has continuing jurisdiction over one small part of the settlement related to the design and implementation of a "promotions assessment system" and the production of reports by an expert statistician, assessing the impact of the personnel reforms on the class members of *Stewart.*

*Moore v. O'Neill* was filed in 2000, alleging discrimination and retaliation against African–American agents by the Secret Service. *Moore* is now before Judge Roberts; the Court notes that *Moore* was not filed as a case related to *Stewart,* and the plaintiffs do not now seek to have the Court designate *Moore* as a case related to *Stewart* or to *Contreras.* The parties in *Moore* have undertaken significant discovery and pretrial proceedings, Judge Roberts has ruled on a motion for preliminary injunction, and there is a motion to dismiss and a motion for class certification now pending.

*Contreras v. O'Neill* was filed in 1992 as a case related to *Stewart,* and so it was assigned to this judge. *Contreras* alleges discrimination and retaliation against Hispanic agents by the U.S. Customs Service; no answer has been filed, and the only issues pending before the Court are the defendant's objection to the plaintiffs' Notice of Related–Case Status and the motion to consolidate.

## II. Analysis

### A. Plaintiffs' Notice of Relation as to *Stewart* and *Contreras*

■ Local Civil Rule 40.5 provides that

> [civil] cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent.

Local Civ. R. 40.5(a)(3). Defendant first asserts that *Stewart* is no longer "pending on the merits," and the notice of relation must therefore be rejected. Although there are few cases interpreting that clause of Rule 40.5(a)(3), the general rule is that a case which has settled is no longer pending on the merits. *See Burt Lake Band of Ottawa v. Norton,* 2001 WL 1701669 (D.D.C. June 15, 2001); *Keepseagle v. Glickman,* 194 F.R.D. 1, 2 (D.D.C. 2000) ("Except in unusual circumstances, once a lawsuit is settled and a consent decree is entered, it is no longer 'pending on the merits.'"). One unusual circumstance where a case might be considered "pending on the merits" after a settlement would be where the possibility remained that the parties would be required to litigate the merits of the case at some point.

*Collins v. Pension Benefit Guaranty Corp.*, 126 F.R.D. 3 (D.D.C.1989).

█ It is extremely unlikely that there will be any future litigation on the merits of the claims asserted in *Stewart.* The only issue where it is agreed that the Court has continuing jurisdiction is a small portion of the settlement agreement concerning the design and implementation of a "promotions assessment system" and concerning the product of statistical reports assessing the impact of the personnel reforms on the class members. Plaintiffs' pending Motion for an Order to Show Cause in *Stewart* asserts that defendant is at fault for the failure of ATF to design and implement such a system, and also that ATF is at fault for the failure of the independent contractor to produce the statistical reports. As described above, defendant asserts that fault lies with plaintiffs and with the independent contractor hired to complete those tasks. The issues that may arise in this dispute are narrowly circumscribed and are far removed from the race discrimination and retaliation claims alleged in the original complaint. Therefore, Stewart may not be considered "pending on the merits," and the Court finds that Stewart is not related to *Contreras.*[1]

█ Furthermore, even if the Court were to consider *Stewart* as "pending on the merits," plaintiffs have not shown that these cases "involve common issues of fact" or "grow out of the same events or transactions." The Stewart plaintiffs alleged discrimination against African–American agents at ATF. Contreras alleges discrimination against Hispanic agents at the U.S. Customs Service. Plaintiffs assert that both ATF and the Customs Service are bureaus of the Department of Treasury, that both are supervised by the Treasury Department's Undersecretary for Enforcement, that both are governed by the management policies issued by "Main Treasury," that plaintiffs in both cases have been "cross-trained" for positions in different Treasury agencies, and that all plaintiffs allege the same types of discriminatory and retaliatory practices, procedures, and policies. These attenuated and superficial similarities are insufficient. The Department of the Treasury is a massive government bureaucracy, housing hundreds of divisions, bureaus, offices, departments, and agencies. Plaintiffs fail to allege that any of the actual supervisors in these case are the same-the most that they are able to proffer is that both ATF and Customs are "governed and supervised by the Treasury Department's Undersecretary for Enforcement." Neither is plaintiff able to show that the discrimination even occurred in the same geographical area-except insofar as the plaintiff finds a nexus between the two cases because the headquarters for the Department of the Treasury are in Washington, D.C. Clearly, there is very little linking these two cases other than the tenuous relationship through the Department of the Treasury, and the Court therefore finds that *Stewart v. O'Neill,* Civil No. 90–2841(RCL), is UNRELATED to *Contreras v. O'Neill,* Civil No. 02–923(RCL). *Contreras* shall therefore be returned to the Calendar Committee for random reassignment.

B.  Plaintiffs' Motion to Consolidate

Plaintiffs move for all three cases captioned above to be consolidated pursuant to Federal Rule of Civil Procedure 42(a)

---

1.  A case may still be related to one that is no longer pending on the merits. In order for those cases to be related, however, plaintiff must show that the second case involves the same parties and relates to the same subject matter. *See* Local Civ. R. 40.5(a)(4). That provision is clearly not met in this case.

and Local Rule 40.5(d) for the purposes of pretrial and discovery proceedings. Defendant opposes the motions to consolidate. As noted above, pursuant to Local Civil Rule 40.5(d), motions to consolidate cases assigned to different judges of the Court are heard and determined by the judge to whom the earliest-numbered case is assigned. The earliest-numbered case included in these motions to consolidate is *Stewart*, and so the motions to consolidate shall be decided by this judge.

■■■ The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court. *See, e.g., Biochem Pharma, Inc. v. Emory Univ.*, 148 F.Supp.2d 11, 13 (D.D.C.2001). Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may … order all the actions consolidated." Fed. R.Civ.P. 42(a). Plaintiffs assert that these cases involve common issues of fact, common issues of law, and that consolidation would promote both judicial efficiency and the public interest. As described above, *Stewart* alleges discrimination against African–American agents in ATF, *Contreras* alleges discrimination against Hispanic agents in the U.S. Customs Service, and *Moore* alleges discrimination against African–American agents in the Secret Service. The "common issues" of fact and law in these cases are insufficient to support a motion to consolidate.

First, the agency at issue in each case is different. ATF is responsible for enforcing and administering firearms, explosives, alcohol, and tobacco laws. The Secret Service is responsible for the protection of officials within the Executive Branch and their families, as well as foreign heads of state and their spouses when visiting the United States. The U.S. Customs Service is the primary enforcement agency charged with protecting and enforcing border security. Although all three may be loosely connected because they fall under the bureaucratic umbrella of the Department of the Treasury, such a tenuous affiliation is insufficient to consolidate cases involving three agencies with disparate purposes, agents, and institutional structures.

Second, the cases are in vastly different procedural postures. In *Stewart*, a class settlement was reached and approved by the Court in 1996; the parties are now before the Court disputing the implementation of the settlement. In *Moore*, it appears that substantial discovery has already taken place, Judge Roberts has ruled on a motion for a preliminary injunction and various discovery disputes, and there are currently pending motions to dismiss and for class certification. *Contreras*, the most recently filed case, is in a third posture-no answer has yet been filed, and the only issues currently pending before the Court are the Notice of Related–Case Status and the Motion to Consolidate. Clearly, the three cases are in very different stages of litigation, and judicial efficiency would not be served by their consolidation.

Third, the allegations of discrimination are different. *Stewart* alleges discrimination against African–Americans agents at ATF, *Moore* alleges discrimination against African–American agents in the Secret Service, and *Contreras* alleges discrimination against Hispanic agents in the Customs Service. Although all three fall within the vast bureaucratic network of the Department of the Treasury, each agency has its own personnel structure, institutional mission, and personnel policies.

Accordingly, plaintiffs' Motions to Consolidate are hereby DENIED.

SO ORDERED.