Mayra GONZALEZ–QUILES, Plaintiff,

v.

COOPERATIVA DE AHORRO Y CREDITO DE ISABELA, et al., Defendants.

Militza Salamanca–Serrano, et al., Plaintiffs,

v.

Cooperativa de Ahorro y Credito de Isabela, et al., Defendants.

Civil Nos. 06–1392 (FAB), 06–1394(FAB).

United States District Court, D. Puerto Rico.

July 18, 2007.

---

Aníbal Escanellas–Rivera, Escanellas & Juan, San Juan, PR, for Plaintiffs.

Carlos M. Vergne–Vargas, Carlos M. Vergne Law Office, Alcides A. Reyes–Gilestra, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

Having considered the arguments of both parties regarding the consolidation of these cases for trial purposes, the Court Rules as follows:

Fed.R.Civ.P. 42(a) provides, in pertinent part, that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning the proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a) is designed to encourage consolidation where common questions of law or fact are present. In applying the rule, courts which have discussed the issue of consolidation have stressed that the purpose of joining actions is to promote convenience and judicial economy. *See Midwest Community Council, Inc. v. Chicago Park District,* 98 F.R.D. 491, 499 (N.D.Ill.1983) (*citing Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 496–497, 53 S.Ct. 721, 77 L.Ed. 1331 (1933); *Katz v. Realty Equities of New York,* 521 F.2d 1354, 1358 (2d Cir.1975); and, *May v. United States,* 515 F.Supp. 600, 603 (S.D.Ohio 1981)) Consolidation is appropriate if it will "promote the aims of all the parties, economize time and effort without circumscribing the opportunity for full litigation of all relevant claims." It is inappropriate if it will cause prejudice to a party. *See Midwest Community Council, Inc.,* 98 F.R.D. at 499. Further, "consolidation does not merge the two suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another."

*American Postal Workers Union v. United States Postal Service,* 422 F.Supp.2d 240, 245 (D.D.C.2006).

█ "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Stewart v. O'Neill,* 225 F.Supp.2d 16, 20 (D.D.C.2002). When deciding whether to exercise such discretion, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *American Postal Workers Union,* 422 F.Supp.2d at 245 and *Chang v. United States,* 217 F.R.D. 262, 265 (D.D.C.2003).

█ Finally, the fact that one or all of the parties object, or that the issue of consolidation is raised by the court *sua sponte,* is not dispositive. The important question is whether the cases involve a common question of law or fact. For example, if two cases appear to the court to be of like nature and relative to the same question, if a joint trial of them would avoid unnecessary costs and delay and it is reasonable to try them together, it is within the court's discretionary power to order consolidation. *Midwest Community Council, Inc.,* 98 F.R.D. at 500; *Mutual Life Insurance Co. v. Hillmon,* 145 U.S. 285, 292, 12 S.Ct. 909, 36 L.Ed. 706 (1892). *See also Compania Española de Pet. S.A. v. Nereus Ship.,* 527 F.2d 966, 974 (2d Cir. 1975), cert. denied, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976) (Despite the objection of one party the Court can order the consolidation); *In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1013 (5th Cir.1977) (Despite the opposition of all the parties the Court can order the consolidation).

█ On June 15, 2007, a Pretrial Conference was held. During the proceedings, both parties were allowed to express their positions regarding why these two cases should not be consolidated for trial purposes pursuant to Rule 42(a). The plaintiffs expressed

to have no objection with the consolidation of the cases. Defendants, however, requested that the cases remain separate for two main reasons: (1) that plaintiff, Ms. Mayra Gonzalez–Quiles, "accuses only two officers of harassing her" while the other plaintiff, Ms. Militza Salamanca–Serrano,[1] "alleges in her claim that she was harassed by four people at Cooperativa—different people"; and (2) that "there can be jury confusion and prejudice to Cooperativa" inasmuch the "defenses in both claims are different". (Transcript of Pretrial Conference, June 15, 2007, p. 4) The latter, they argued, will entail each plaintiff to receive different remedies if they prevail in their claims. For example, the attorney for defendants, Mr. Alcides Reyes–Gilestra, expressed that Ms. Gonzalez–Quiles was convicted in March 28, 2007 for assaulting a fellow employee of Cooperativa in an official activity while she was employed with Cooperativa. Consequently, he further argued, pursuant to *McKennon v. Nashville Banner Publishing,* 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), her monetary remedies, if any, will be capped as of March 27, 2007. This fact, in the defendants' opinion, would tend to confuse the jury and prejudice Cooperativa. The Court, however, finds defendants' objections to the consolidation unpersuasive.

Having reviewed the docket of both cases, it is clear to the Court that both actions involve basically the same allegations of sexual harassment, sex discrimination and retaliation against the same defendant: Cooperativa de Ahorro y Credito de Isabela.[2] In addition, both cases involve the same counsel, both for plaintiff and for the defendants. Furthermore, Ms. Salamanca (plaintiff in Civil No. 06–1392) will be called as a witness in the suit filed by Ms. Gonzalez (plaintiff in Civil No. 06–1394) and Ms. Gonzalez will be called as a witness in the suit filed by Ms. Salamanca. A reading of the Proposed Pretrial Orders filed in both cases also demonstrates that there are common, if not identi-

---

1. The attorney incorrectly referred to her as "Militza Gonzalez".

2. In both Civil Case Nos. 06–1392 and 06–1394 the remaining defendant is the Cooperativa de Ahorro y Credito de Isabela. (*See* Docket Nos. 88 and 93 (in Civil No. 06–1392) and Docket

Nos. 59 and 64 (in Civil No. 06–1394) dismissing with prejudice plaintiffs' claims against Neftali Crispin–Morales, Mr. Ramon Montalvo–Acevedo and the conjugal partnership between him and Ana Arce–Acevedo.)

cal, facts and questions of law in these cases. In fact, the Proposed Pretrial Orders are almost identical.[3] Defendants' concern that a consolidated trial would confuse the jury and prejudice their case because of the subtle differences between each plaintiff's allegations, affects primarily the jury instructions. That is, the Court is confident that jury instructions can be drafted as to avoid confusion on the remedies available for each plaintiff and any other issue.

Accordingly, Civil No. 06–1392 and Civil No. 06–1394 are hereby consolidated for trial purposes.

**IT IS SO ORDERED.**

---

3. *See* Docket No. 160 (Civil No. 06–1392) and Docket No. 119 (Civil No. 06–1392).