**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Civil No. 12-1402 (RCL)** |
| | **)** | |
| **VOLVO CONSTRUCTION** | **)** | |
| **EQUIPMENT AB,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

**MEMORANDUM OPINION**

The United States brought this action against defendant Volvo Construction Equipment AB ("VCE") alleging violations of the Clean Air Act ("CAA") and regulations promulgated thereunder. The case was assigned to the undersigned judge as a related case to *United States v. Volvo Powertrain*, 98-cv-2547. *See* Pl.'s Notice of Related Case, ECF No. 2. VCE objects to the United States' filing this as a related case. Def.'s Mot. for Reassignment ("Def.'s Objection"), ECF No. 8. The Court agrees with VCE's objections and will transfer the case to the Calendar Committee for random reassignment.[1]

## I.    BACKGROUND

Title II of the CAA, as amended 42 U.S.C. § 7521 *et seq.*, and regulations promulgated thereunder set emissions standards for sources of air pollution including internal combustion engines not used in motor vehicles ("nonroad engines"). EPA has established emission standards for new nonroad engines, varying with model year, size, and type of engine. *See* 40 C.F.R. §

---

[1] VCE also moved to dismiss for lack of personal jurisdiction and improper venue. Def.'s Mot. to Dismiss, ECF No. 6. Because the Court transfers the case to the Calendar Committee for reassignment, it does not reach these issues.

89.112; *see also* 42 U.S.C. § 7547(a)(3)-(4). New nonroad engines cannot be sold or imported unless covered by a certificate of conformity issued by EPA verifying that the engine satisfies the appropriate emissions standard. § 7522(a)(1); 40 C.F.R. § 89.1003(a)(1)(i)-(ii). For each model year, a certificate covering the "engine family" must be obtained prior to sale or importation. § 89.105. Manufacturers are prohibited from selling any covered engine that does not bear a permanent emission control information label verifying that the engine conforms to these requirements. 42 U.S.C. §§ 7541(c)(3)(C) & 7522(a)(4)(A); 40 C.F.R. §§ 89.110 & 89.1003(a)(4)(ii).

## II. THIS CASE IS NOT RELATED TO *VOLVO POWERTRAIN* UNDER LOCAL CIVIL RULE 40.5

The United States filed the present action on behalf of EPA pursuant to 42 U.S.C. § 7524(a)-(b) and 40 C.F.R. § 89.1006(a)-(b) alleging numerous violations of the CAA's certification and labeling requirements for nonroad engines. *See* Compl. ¶¶ 29-46, ECF No. 1. The case was assigned to the undersigned judge directly as related to *United States v. Volvo Powertrain*, 98-cv-2547. *See* Pl.'s Notice of Related Case, ECF No. 2. VCE objected, seeking to transfer the case to the Calendar Committee for reassignment. Def.'s Objection.

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (three-judge calendar committee).[2] The "fundamental rationale" of random assignment is "to ensure greater public confidence in the integrity of the judicial process" by "guarantee[ing] fair

---

[2] The Comment to LCvR 40.5(c)(3) explains:

> The Court has eliminated the provision in this Rule that permitted a party to appeal to the Calendar and Case Management Committee an individual judge's decision with respect to whether cases are related because the Court does not believe it is appropriate for a party to be able to seek review of a decision of one judge of this Court by three of that judge's co-equal colleagues. As amended, the Rule would make the individual judge's decision final.

Cmt. LCvR 40.5(c)(3).

and equal distribution of cases to all judges, avoid[ing] public perception or appearance of favoritism in assignments, and reduc[ing] opportunities for judge-shopping." *Id.*

Local Civil Rule 40.5 stands as an exception to the general rule. It provides that, in the interests of judicial economy, "[w]here the existence of a related case in this court is noted at the time . . . the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned." LCvR 40.5(c)(1). New cases are deemed "related" under rule 40.5(a)(3) when (1) "the earliest is still pending on the merits in the District Court" *and* (2) they either (i) "relate to common property," (ii) "involve common issues of fact," or (iii) "grow out of the same event or transaction." LCvR 40.5(a)(3). And, rule 40.5(a)(4) recognizes cases as "related" where "where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4). "The party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related under a provision of Local Civil Rule 40.5." *Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010) (citing *Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839, at *1 (D.D.C.)).

As a "general rule," a case settled by consent decree is no longer "pending on the merits." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 19-20 (D.D.C. 2002). "To conclude otherwise would allow plaintiffs to file related cases for years afterwards so long as the court retained jurisdiction to consider attorneys' fees applications, to remedy violations of the consent decree or to function in other prophylactic capacities." *Keepseagle v. Glickman*, 194 F.R.D. 1, 2 (D.D.C. 2000). In contrast, then-Chief Judge Robinson found that a case was still "pending on the merits" despite the existence of an approved consent decree where the parties might under the

3

terms of that decree "need to litigate issues that must be considered 'merits' issues." *Collins v. Pension Ben. Guar. Corp.*, 126 F.R.D. 3, 7 (D.D.C. 1989).

The present action is not "related" to *Volvo Powertrain* under rule 40.5(a)(3). Because *Volvo Powertrain* was settled by consent decree approved by Judge Kennedy in 1999, *see United States v. Volvo Powertrain*, 854 F. Supp. 2d 60, 63 (D.D.C. 2012), and because that decree does not authorize the parties to continue to litigate "merits" issues, that case is no longer "pending on the merits." *Compare Stewart*, 225 F. Supp. 2d at 19-20, *with Collins*, 126 F.R.D. at 7. While the Court retains jurisdiction to resolve disputes regarding the implementation of the consent decree, *see Volvo Powertrain*, 854 F. Supp. 2d at 64; *see also* Pl.'s Objection 5, the availability of remedial proceedings does not qualify as an exception to the "general rule" that a such a case is no longer "pending on the merits." *Stewart*, 225 F. Supp. 2d at 19-20; *see also Keepseagle*, 194 F.R.D. at 2 (concluding that a lawsuit was no longer "pending on the merits" where the Court retained jurisdiction "over these few matters typically reserved to courts after the approval of a settlement or entry of a consent decree"); *Doe v. Von Eschenbach*, 2007 WL 1655881 (D.D.C. June 7, 2007) (concluding that a case in which the sole outstanding motion was a request for attorneys' fees was not "pending on the merits"). The United States has failed to meet its burden. *See Autumn Journey Hospice*, 753 F. Supp. 2d at 140.

Moreover, even if a remedial action under a consent decree could be considered "pending on the merits," there is no such action currently pending in *Volvo Powertrain* that relates to "common property," "common issues of fact," or which "grow out[s] of the same event or transaction" as this case. LCvR 40.5(a)(3). The prospects that a controversy under the consent decree raising similar issues may reach this Court in *Volvo Powertrain* at some point in the

future, *see* Pl.'s Response 2-3, is inadequate under the local rule.[3] *Howard v. Gutierrez,* 405 F. Supp. 2d 13, 16 (D.D.C. 2005) ("The language of the Rule is in the present tense . . . [so] the Court reads the language of the Rule as restricting the designation of related cases to those that are related in the present, not in the possible future.").

Finally, the present action is not "related" to *Volvo Powertrain* under rule 40.5(a)(4) because, while *Volvo Powertrain* is not "pending on the merits," it was never dismissed. *See Doe v. Von Eschenbach*, 2007 WL 1655881 at *2.

## III.    CONCLUSION

Because the Court finds that the present action is not a "related case" to *Volvo Powertrain* under LCvR 40.5, it transfers the action to the calendar committee for random reassignment.

An order shall issue with this opinion.

Signed by Royce C. Lamberth, Chief Judge, on February, 13, 2013.

---

[3] This Court's order transferring the case to the calendar committee for reassignment is without prejudice to the parties' ability to file a notice of a related case in the future, if appropriate, pursuant to LCvR 40.5 (b).