**RODRIGUEZ–CRUZ, Plaintiff,**

v.

**STEWART TITLE PUERTO RICO, INC. et al., Defendants.**

**Civil No. 14–1534 (GAG).**

United States District Court, D. Puerto Rico.

Signed Feb. 27, 2015.

Rosa M. Nogueras, Nogueras De Gonzalez Law Office, San Juan, PR, for Plaintiff.

Enrique R. Padro, Nicole Marie Rodriguez–Ugarte, Fiddler Gonzalez & Rodri-

guez, P.S.C., San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

GUSTAVO A. GELPÍ, District Judge.

Defendants in this case move to consolidate the present action with two related cases: Civ. Num. 14–1605(PG) and Civ. Num. 14–1636(GAG). (*See* Docket No. 59.) Defendants aver that all relevant factors weigh in favor of consolidating the three actions for purposes of pretrial and discovery proceedings because they name the same defendants, arise from the same incident, and involve common issues of fact and law. Plaintiff objected to consolidation and asserts it would be prejudiced mainly because the facts of each case differ and there are causes of action which are not common to all three cases. (*See* Docket No. 62.) Moreover, Plaintiff challenges the motion to consolidate, arguing that it is prejudicial because the common presentation and filing of dispositive motions would prove detrimental to the proper understanding and presentation of the different causes of action. The court has reviewed the parties' arguments, and hereby **DENIES** Defendants' request for consolidation.

Fed.R.Civ.P. 42(a) permits a court to consolidate actions before it if they involve a "common question of law or fact." "The threshold issue is whether the ... proceedings involve a common party and common issues of fact or law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro de Servicio de Salud v. McAuto Sys. Group, Inc.,* 878 F.2d 5, 8 (1st Cir.1989) (citations omitted). Consolidation is appropriate if it will "promote the aims of all the parties [and] economize time and effort without circumscribing the opportunity for full litigation of all relevant claims," but not proper if it causes prejudice to a party. *See González–Quiles v. Coop. De Ahorro Y Credito De Isabela,* 250 F.R.D. 91, 92 (D.P.R.2007). Nevertheless, "[t]he decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *González–Quiles,* 250 F.R.D. at 93.

The court now applies this framework. It is true that Defendants are common parties in all three cases and that there are some facts in common. After all, Defendants are the plaintiffs' employer and are being sued for alleged discriminatory practices. While all three cases also share some causes of action, each plaintiff asserts claims that are not brought by all. For example, plaintiff Pérez Maspons brings forth Americans with Disabilities Act of 1990 ("ADA") claims and related state law claims and plaintiff Cruz Cruz brings actions under the Equal Pay Act of 1993, 29 U.S.C. § 206(d) and Law 17 of April 17, 1931, 29 P.R. Laws Ann. §§ 171 *et seq.* These and other causes of action are not common to all cases. Therefore, the common-issue threshold is not met.

Rule 42(a) "grants courts broad discretion to consolidate cases" in appropriate circumstances. *Total Petroleum Puerto Rico Corp. v. TC Oil, Corp.,* Civil No. 09–1105(JP), 2009 WL 702226, at *3 (D.P.R. Mar. 11, 2009). Accordingly, the court **DENIES** Defendants' motion to consolidate at Docket No. 59. The court, however, notes that Plaintiff has no objection to conducting together, and in subsequent days, the depositions which may be common to all cases. The court sees no issue if the parties agree to it because it translates into reduction of costs and accelerating the discovery process.

**SO ORDERED.**